[L.A. No. 30531. In Bank. May 13, 1976.]

LYNN TAYLOR, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
UNION PACIFIC RAILROAD CORPORATION et al.,
Defendants and Respondents.

894

COUNSEL

Berman, Hanover & Schneider, Schermer & Rand and Martin M. Berman for Plaintiffs and Appellants.

Merrill K. Albert, Kirtland & Packard, Jacques E. Soiret and Robert E. Moore, Jr., for Defendants and Respondents.

## Opinion

**RICHARDSON, J.**—In this personal injury action appeal, we consider whether plaintiffs were improperly denied their right to a trial by jury. As will appear, we have concluded that, under the particular facts in this case, plaintiffs waived their right to a jury trial. (See Code Civ. Proc., § 631, subd. 8.)

Plaintiff minors, through their guardians ad litem, brought this action against defendants (three railroad corporations and the City of Los Angeles) to recover for personal injuries sustained when a train collided with the car in which plaintiffs were riding. Plaintiffs, in an appropriate manner, demanded a jury, deposited the required fees (see Code Civ. Proc., § 631, subd. 5), and the trial commenced on July 25, 1972, as a jury trial. On August 2, 1972, plaintiffs notified the clerk that they no longer wished a jury and the defendants thereupon paid the jury fees with the trial continuing before a jury until Monday, August 7, 1972, at which time defendants also waived a jury, they having previously paid the fees for August 7, and on that day the jury was discharged. The trial continued before the court which ultimately entered its own findings against plaintiffs and ruled that they take nothing on their complaint.

Plaintiffs filed their appeal and, in addition to the jury trial issue discussed below, raised numerous other issues, including the failure of the evidence to support the findings, inconsistencies in the findings of fact, and the trial court's refusal to grant a new trial.

The Court of Appeal disposed of the appeal by ruling that plaintiffs were improperly denied a jury trial, thereby finding it unnecessary to reach the additional issues raised by plaintiffs regarding the merits of their cause of action. We granted a hearing in the matter for the sole purpose of considering the jury trial issue. As will be developed, we have concluded that plaintiffs waived their right to a jury trial, and that reversal of the trial court's judgment cannot be based upon this ground. Accordingly, we will retransfer the cause to the Court of Appeal for consideration of the merits of plaintiffs' appeal. (Cal. Const., art. VI, § 12; Cal. Rules of Court, rule 20.) We consider such a procedure appropriate to assure that complex and substantial issues raised on appeal are initially considered by the Court of Appeal before their presentation to us, thereby providing the parties a more complete form of appellate review.

We turn to the critical point in the trial on August 7, 1972, when, plaintiffs having previously waived a jury on August 2, the defendants then also expressly waived their right to jury. The court met with counsel in the absence of the jury to review the status of the jury as trier of fact and the following colloquy occurred:

"THE COURT: I knew nothing about it and just found out from the Clerk that his [plaintiffs'] fees were underwritten up to today by the defense after you [plaintiffs' counsel] indicated you were not willing to proceed, and you understand that that would be a waiver on your part of jury and your refusing to post further fees or failing to so post. You understand that? MR. BERMAN [plaintiffs' counsel]: Well, is the Court asking me at this time whether or not if the railroad [defendants] doesn't want to continue posting, that I should, I would continue to post or are you asking me whether— THE COURT: Well, if you have abandoned it, if you have abandoned it, you have abandoned it for all time. MR. BERMAN: *Yes.* THE COURT: You can't play hot and cold. MR. BERMAN: *That's right, Your Honor.* THE COURT: I have to keep this record straight. MR. BERMAN: Yes. THE COURT: You have refused with knowledge of that fact to— MR. BERMAN: No question about it, Your Honor. THE COURT: All right. MR. BERMAN: *No question about it. The plaintiffs waived jury some six, seven days ago.* THE COURT: All right." (Italics added.)

Following the foregoing discussion, one of defendants' counsel apologized to the court for wasting the jurors' time, and offered to post jury fees if the court felt that any undue pressure upon the court had been created by defendants' belated decision to forego a jury. The court refused the offer, stating that it was willing to accept the responsibility of trying the case. Plaintiffs' counsel made a similar offer to "split" the jury fees with defendants, but the court likewise declined that offer.

Subsequently, the following exchange took place between the court and plaintiff's counsel:

"MR. BERMAN: Your Honor, are you indicating that I have waived forever at this point, as far as you are concerned?

THE COURT: Oh, yes, sure. You have so indicated. Is there anything else to be implied from anything you have said?

MR. BERMAN: Only that I would discuss the matter once again with my clients, because there has been a change in the conduct of the case. As you say, we have had a jury sitting here for seven days, longer, and there may be a change in their attitudes.

THE COURT: Well, so far as we are concerned, so far as the law is concerned, if you have waived by failing to post fees, that is a final act on the plaintiff's part. That is as final as the law makes it out and you can't later come into the case and say: Now I want a jury; now I don't; now I want a jury; now I don't. You have done it. I don't approve of the way this thing has been handled up to this point for only the reasons indicated.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

THE COURT: All right. Now is there anything you want to say at this time, Mr. Berman? I am about to call the jury in and tell them that this case will be disposed of without them.

MR. BERMAN: Well, at this time, Your Honor, I don't think there is very much for me to say other than the fact that—

THE COURT: Any legal objection to the contemplated action?

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

MR. BERMAN: *I don't know that I have a basis at this point or would even contemplate a basis for any objection.* I just didn't, I just don't feel that it is a fair inference being made toward the conduct of plaintiff's counsel and I just want the record to show that both defense counsel, including the—

THE COURT: Well, I am making no inferences. I am only saying, counsel, I am making no inferences for or against any lawyer. I am only saying if we would have known about this we wouldn't have taken so long in this case in deference to accommodating this jury . . . ." (Italics added.)

■        Preliminarily, we note trial court error in its assumption that plaintiffs having initially waived a jury on August 2 necessarily did so "for all time" or "forever." (See Code Civ. Proc., § 631, subd. 8.)

Resolution of the issue involves an interpretation of section 631 of the Code of Civil Procedure which describes those acts which constitute a waiver of a jury trial. Subdivision 7 provides that a waiver occurs "By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session a sum equal to one day's fees of the jury, . . ." Since it is undisputed that plaintiffs failed to deposit jury fees

after their express waiver on August 2, 1972, they waived their right to a jury trial.

Plaintiffs initially assert, however, that, despite their counsel's concession at trial, no true waiver by plaintiffs occurred since defendants never agreed to the waiver, but instead "picked up" the jury fees, until August 7. Under plaintiffs' present theory, a waiver of jury trial does not occur until both parties have "simultaneously" waived a jury trial. However, no case authority supports plaintiffs' contention, and we find nothing in the language of section 631 of the Code of Civil Procedure which requires a "joint" or "simultaneous" waiver. Rather, the statutory pattern thereby created contemplates an alternating process of waiver in which the onus of demand for jury and deposit of jury fees may briefly oscillate back and forth between the parties until final waiver by the last party permitted to assert the right, subject always to trial court discretion to relieve from waiver for just cause.

The question remains, of course, whether plaintiffs right to jury trial was *reinstated* once defendants, having "picked up" the jury by payment of the required fees, thereafter expressly waived in turn their right to a jury. Plaintiffs argue that once defendants ceased paying the jury fees, plaintiffs' right to jury trial was automatically reinstated. As we will develop, this contention lacks merit for two reasons: (1) Neither the cases nor the statutes provide for revival of a previously waived right to jury trial, except in the court's discretion, and (2) in any event, plaintiffs failed to demand a jury trial, or to object to the trial court's ruling that plaintiffs' prior waiver remained in effect. Under such circumstances plaintiffs may not raise the issue on appeal.

We trace certain relevant history. It has been a general rule in California that once a party has waived right to jury trial that waiver cannot thereafter be withdrawn except in the discretion of the trial court. (*Lee* v. *Giosso* (1965) 237 Cal.App.2d 246, 248-249 [46 Cal.Rptr. 803], hg. den., Peters and Tobriner, JJ., to grant; *Broadway Fed. etc. Loan Assoc.* v. *Howard* (1955) 133 Cal.App.2d 382, 398 [285 P.2d 61]; *Estate of Miller* (1936) 16 Cal.App.2d 154, 158-159 [60 P.2d 498], hg. den., Curtis, J., to grant; *Harmon* v. *Hopkins* (1931) 116 Cal.App. 184, 188 [2 P.2d 540]; see *Hernandez* v. *Wilson* (1961) 193 Cal.App.2d 615, 617-619 [14 Cal.Rptr. 585].) In *Lee,* for example, the plaintiff originally waived a jury trial at the pretrial conference; the defendant, however, demanded a jury and then waived it during trial. The court concluded that the plaintiff's subsequent demand for a jury was untimely and properly denied in view of plaintiff's earlier waiver. (P. 249.) In *Estate of Miller,* it was held that

the failure of one party to pay jury fees does not afford the other party, who had originally failed to demand a jury, the opportunity to preserve a jury trial by offering to pay those fees: "Appellant having once waived a jury trial under the statute, could not be restored to the right which he had waived, . . ." (Pp. 158-159; see also *Dunham* v. *Reichlin* (1933) 217 Cal. 289, 291 [18 P.2d 664] [nondemanding party may not rely upon the demand of his adversary].)

Subsequent amendments to section 631 have ameliorated the harshness of the foregoing rule by permitting a party to rely upon another party's demand and deposit of fees. (See Code Civ. Proc., § 631, subds. 4, 8; *De Castro* v. *Rowe* (1963) 223 Cal.App.2d 547, 561 [36 Cal.Rptr. 53].) Section 631, subdivision 8, constitutes a codification of earlier appellate expressions such as *Broadway Fed. etc. Loan Assoc.* v. *Howard, supra,* 133 Cal.App.2d 382, 398, wherein it was said: "Where a trial by jury has been regularly and voluntarily waived, such waiver cannot later be withdrawn except in the discretion of the court. [Citation.] Under the circumstances . . . which suggest no more than that defendants changed their minds after two waivers, the court did not abuse its discretion in having the case tried without a jury. [Citation.]" Contrary to plaintiffs' insistence, however, these amendments do not provide for the *automatic* reinstatement of jury trial in favor of one who has already waived it; the matter rests in the sound discretion of the trial court.

Thus, subdivision 8 of section 631, upon which plaintiffs rely, provides that: "[Trial by jury may be waived by the several parties to an issue of fact in manner following:] 8. When the party who has demanded trial by jury either waives such trial upon or after the assignment for trial to a specific department of the court, or upon or after the commencement of the trial, or fails to deposit the fees as provided in subdivisions 6 or 7; by the other party either failing promptly to demand trial by jury before the judge in whose department such waiver, other than for the failure to deposit such fees, was made, or by his failing promptly to deposit the fees as provided in subdivision 6 or 7. [¶] The court may, in its discretion upon such terms as may be just, allow a trial by jury to be had although there has been a waiver of such a trial."

Although the foregoing language is somewhat complex its meaning is clear: When the party who originally demanded jury trial subsequently waives it, the other party has the opportunity to preserve a jury trial by promptly demanding one and depositing the necessary jury fees. This is precisely how defendants herein were able to prolong the jury trial

following plaintiffs' waiver. But the first paragraph of subdivision 8, however, does not deal with the issue raised in this case, namely, whether a party who has originally demanded *and then waived* a jury trial may subsequently withdraw his waiver. That question is answered in the *second* paragraph of the subdivision which requires the party who has waived to ask the trial court, in its discretion, to relieve him from that waiver. The record before us discloses that plaintiff, the affected party, made no such request.

Plaintiffs argue that it would have been an "idle act" to ask the trial court for relief from the prior waiver, or to demand a jury trial, in light of the court's expressed opinion that plaintiffs' original waiver remained in effect. Plaintiffs contend that their trial counsel did request, and were denied, the opportunity to confer with plaintiffs on the matter.

The fact remains that plaintiffs at no time informed the trial court that they believed they still retained a right to jury trial. Rather they acquiesced in the court's interpretation of events. The bare request by plaintiffs' counsel to confer with clients, assuming it was made, did not constitute either a demand for jury trial or an objection to the trial court's ruling. The record, fairly read, indicates that the trial court repeatedly asked for plaintiffs' counsel's views on the question, and once inquired whether plaintiffs had "any objection to the contemplated action?" Plaintiffs' counsel, rather than affirmatively stating the position now asserted on appeal, merely replied that he felt the court was making unfair inferences regarding counsel.

An objection to a court's contemplated ruling is indeed often an "idle act" in the sense that the objection may have no effect upon the court's decision. On the other hand, a proper objection might well succeed, thereby obviating an unnecessary appeal. Legal points of this nature must be presented on appeal by a record supporting trial assertion of the claim. A party must preserve his record. ■ Thus, it is well established that ". . . a party cannot without objection try his case before a court without a jury, lose it and then complain that it was not tried by jury. [Citation.]" (*Pink* v. *Slater* (1955) 131 Cal.App.2d 816, 817 [281 P.2d 272]; see *Tyler* v. *Norton* (1973) 34 Cal.App.3d 717, 722 [110 Cal.Rptr. 307]; *De Castro* v. *Rowe, supra,* 223 Cal.App.2d 547, 552; *Glogau* v. *Hagan* (1951) 107 Cal.App.2d 313, 316 [237 P.2d 329].) As stated in the recent *Tyler* case, wherein defendants proceeded to try the case before a judge without objecting to the absence of a jury, "Defendants cannot play 'Heads I win. Tails you lose' with the trial court." (P. 722.)

Our review of the record indicates that plaintiffs' counsel, while carefully inquiring regarding the trial court's position on the waiver question, neither himself demanded a jury trial nor objected to the court's ruling. Under such circumstances, plaintiffs cannot now be heard to complain of that ruling.

The cause is retransferred to the Court of Appeal, Second Appellate District, for disposition of plaintiffs' appeal on the merits. With respect to the proceeding before this court, in the interest of justice, each side shall bear its own costs on appeal.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.