[S.F. No. 23544. Jan. 17, 1978.]

ALBERT GONZALES, Plaintiff and Respondent, v.
JOHN G. NORK, Defendant and Appellant.

COUNSEL

Hardy, Erich & Brown, William A. Wilson and John F. Harper for Defendant and Appellant.

Freidberg & Mart and Edward Freidberg for Plaintiff and Respondent.

OPINION

**TOBRINER, Acting C. J.**—Defendant Nork alone appeals from a judgment for plaintiff, contending inter alia that the trial court abused its discretion in denying his motion for relief from waiver of jury trial. Codefendant Mercy Hospital, the only party to claim the jury, waived jury trial in the early afternoon of July 23, 1973; Nork did not move for relief from jury waiver until the following morning. As a result of this delay, at the time of Nork's motion the parties had already argued issues relating to special defenses to the trial judge as a trier of fact, giving rise to the suspicion that the motion signified merely that Nork, after arguing before the judge, had changed his mind about the tactical advantages of jury trial vis-a-vis court trial. In addition, the granting of Nork's belated motion might have inconvenienced witnesses and, because of intervening newspaper publicity, have prejudiced the other parties to the action. Moreover, Nork offered no adequate justification for his delay in seeking relief and presented no sufficient showing that he would be prejudiced by the denial of the motion. Taking all these facts into consideration, we conclude that the trial court did not abuse its discretion in denying Nork's request but had ample grounds for doing so.

To demonstrate that the trial court's ruling was not an abuse of discretion, we summarize the proceedings in the trial court leading to the denial of Nork's motion. Charging medical malpractice and fraud, plaintiff Gonzales filed the present action against Nork and Mercy Hospital. Nork moved for a separate trial on his special defenses of release and statute of limitations, and further moved for two juries, one to try the special defenses and one to try the case in chief. The trial court granted the motion for a separate trial on the special defenses, but denied the motion for separate juries.

Plaintiff initially requested jury trial, but when the court denied his motion to proceed in forma pauperis as to payment of jury fees, waived a

jury. Nork also waived jury trial. Codefendant Mercy Hospital then claimed a jury and posted fees.

The parties first tried the special defenses before the jury. On Friday, July 20, after 27 days of trial, the judge pointed out that although Mercy Hospital was paying for the jury, it had become clear over the course of the trial that the issues being presented to the jury related solely to plaintiff and defendant Nork. The court requested the parties to be prepared on the following Monday to advise the court how it should proceed under those circumstances.

After testimony concluded on Monday, July 23, counsel met with the judge to review jury instructions on the special defenses. At that time counsel for Mercy Hospital, referring to the court's inquiry of the preceding Friday, waived right to jury trial and moved to dismiss the jury. The following discussion ensued:

"THE COURT: Well, I don't suppose this is a motion to which either the plaintiff or the defendant Nork can respond. Is there any question about the right of Mercy Hospital to waive the jury if it is so disposed?

"MR. BROWN:[1] [Defendant Nork's counsel] Not hearing from Mr. Freidberg, I will reply to the Court's inquiry by stating that I'm not aware of any basis upon which defendant Nork has a standing to object or complain.

"MR. FREIDBERG: [Plaintiff's counsel] I concur in that, Your Honor.

". . . . . . . . . . . . . . . . . .

".THE COURT: Well, nobody else has claimed the jury, so that leaves us with the problem, gentlemen, of what do we do now?"

The court and counsel then discussed the time required to argue the issues of the special defense to the judge as trier of fact. Mr. Brown, Nork's counsel, requested a 30-minute recess so he could return to his office to gather materials for argument. Following the recess, counsel

[1]Nork was represented by two attorneys—Mr. Brown, who was engaged to defend the cause of action for malpractice, and Mr. Harper, who was engaged by Nork to defend the cause of action in fraud. Only Brown was present at the time of Mercy's motion to dismiss the jury.

returned, argued the special defenses, and submitted those issues to the court for decision.[2]

At no time on July 23 did Nork's counsel suggest that his client might be interested in reclaiming the jury or in seeking relief from his prior waiver of jury trial. The court's assertion that "nobody else has claimed the jury" met with no objection. Although Nork's counsel requested a recess, he made that request for the limited purpose of preparing to argue before the judge as trier of fact, not to consult with his client or cocounsel concerning jury waiver. Upon return from that recess, he argued the case to the judge without objection, thus acknowledging that the judge, and not the jury, would resolve the issues raised by the special defense. .

The next morning, before the court had discharged the jury, Nork's counsel sought relief from his prior jury waiver. (See Code Civ. Proc., § 631, subd. 8.) Excusing his failure to seek relief earlier on the ground that he had been caught by "surprise" by Mercy Hospital's motion, Brown argued that his client would be prejudiced by a court trial because counsel had disclosed damaging information to the trial judge on the assumption that the judge would not be sitting as trier of fact.

As opposing counsel pointed out, granting Nork's motion would not restore the case to the position it occupied when Mercy Hospital moved to dismiss the jury. In the interim, counsel for all parties had argued the special defense issues to the judge as a trier of fact, and he had indicated that he was ready to rule on the matter. Under these circumstances Nork's belated motion raised the suspicion that Nork's counsel sensed that the judge was about to rule against them—as indeed he did shortly after denying Nork's motion for relief from jury waiver. Apparently Nork's counsel merely wished to reargue the special defenses before a different, hopefully more receptive, trier of fact.

Counsel for Mercy Hospital pointed out that a newspaper article had appeared stating that the jury would be dismissed because of the hospital's reluctance to pay jury fees; the court took judicial notice of the article, which carried a half-inch high headline declaring "Nork Jury to be Excused." Counsel for the hospital expressed the fear that the jury, if

---

[2]When Mercy Hospital's motion to dismiss the jury was granted, the court clerk suggested that the jury could be dismissed by phone. Plaintiff's attorney and the trial judge, however, expressed the desire to thank the jury personally; the hospital's attorney agreed and volunteered to pay the jury fees out of his own pocket for the next day of trial. It was thus fortuitous that the jury had not yet been dismissed when Nork moved for relief from his waiver of jury trial.

retained, would be hostile toward his client. Echoing similar fears, plaintiff's counsel observed that the jury appeared much less friendly that morning.

Plaintiff's counsel reminded the court that he had an expert witness scheduled to testify on Thursday, and had estimated that he needed one and a half days to lay the foundation for the testimony. If Nork were permitted to reclaim the jury, counsel ventured, the time consumed in deciding upon jury instructions, in instructing the jury, and in jury deliberation would make it impossible for plaintiff to call his expert to testify on Thursday. The result, counsel claimed, would be a serious inconvenience to plaintiff and his witness.

Counsel for Nork did not discuss the asserted inconvenience to witnesses. Responding to Mercy Hospital's fear of jury prejudice, Nork's counsel pointed out that the jury had been admonished not to read newspaper accounts of the trial. Counsel for plaintiff and the hospital, however, questioned the sufficiency of the admonition under the circumstances of the case.

After hearing argument from counsel, the court denied Nork's motion for relief from jury waiver, discharged the jury, and then ruled in favor of plaintiff on the special defenses. Nork then moved for a new jury to decide the merits of the case. The court denied that motion, and trial continued before the judge sitting as trier of fact.[3] He ultimately found in favor of plaintiff, awarding him $1,710,447.17 in compensatory damages and $2 million in punitive damages.

Nork appealed from the judgment. Although his brief on appeal raised numerous issues, the Court of Appeal, holding that the trial court abused its discretion in denying Nork's motion for relief from jury waiver, reversed the judgment without reaching the other issues. We granted a hearing to examine more fully the ruling of the trial court.

Although Nork had a constitutional right to a jury trial when this suit commenced (see Cal. Const., art. I, § 16), he expressly waived that right without limitation on the second day of trial.[4] ▉ "It has been a

---

[3] Nork sought review by writ of mandate of the trial court's rulings denying relief from jury waiver and refusing a second jury for the trial on the merits, but both the Court of Appeal and this court denied his petition.

[4] The only reservation Nork expressed when he waived jury trial was that his waiver was without prejudice to his right to claim error in the denial of his previous motion

general rule in California that once a party has waived his right to a jury trial waiver cannot thereafter be withdrawn except in the discretion of the trial court." (*Taylor* v. *Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893, 898 [130 Cal.Rptr. 23, 549 P.2d 855]; *accord People* v. *Chambers* (1972) 7 Cal.3d 666, 670 [102 Cal.Rptr. 776, 498 P.2d 1024]; *March* v. *Pettis* (1977) 66 Cal.App.3d 473, 479-480 [136 Cal.Rptr. 3]; *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231, 265 [73 Cal.Rptr. 127].) Because the matter is one addressed to the discretion of the trial court, that court's denial of a request for relief of jury waiver cannot be reversed in the absence of proof of abuse of discretion. (See *Ferrea* v. *Chabot* (1898) 121 Cal. 233, 236 [53 P. 689, 1092]; *Hayden* v. *Friedman* (1961) 190 Cal.App.2d 409, 412 [12 Cal.Rptr. 17]; *Harmon* v. *Hopkins* (1931) 116 Cal.App. 184, 188 [2 P.2d 540].) As with all actions by a trial court within the exercise of its discretion, as long as there exists "a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action." (*Harrison* v. *Sutter St. Ry. Co.* (1897) 116 Cal. 156, 161 [47 P. 1019].)

■■■ Applying this standard, we conclude that in light of the totality of the circumstances before him, the trial judge did not abuse his discretion in denying Nork's motion. Surely it was not unreasonable for the judge to conclude that all parties were willing to proceed without a jury when, after stating in the presence of all counsel that Mercy Hospital had waived the jury and "nobody else has claimed the jury," he hears no objection, no reply, no request for a continuance, and no claim for a jury. As the trial judge remarked to counsel later, "All he [Mr. Brown, Nork's counsel] said was he wanted time to get his notes for his argument, which was fine. But had you said you wanted time to confer with Mr. Harper or do anything you wanted at that time, you could have done so, Mr. Brown."

---

requesting separate juries for the special defenses trial and for the case in chief. The Court of Appeal properly rejected this claim of error, stating that: "The clear language of the statute [Code of Civil Procedure section 597.5] compels the conclusion that a separate jury trial of the special defenses is not required by sections 597 and 597.5. The legislative omission of any language requiring 'separate juries' in either section 597.5 or 597 is totally consistent with an intent to foster economical use of judicial time."

Nork also argued that the jurors were subject to challenge for cause under Code of Civil Procedure section 602, as having served as jurors in a previous trial between the same parties on the same cause of action. The Court of Appeal correctly determined that the trial on the special defenses was not a "previous trial" for the purposes of the statute since the trial is not completed until all issues have been resolved.

Thereafter, at Brown's request, counsel repaired to their offices to prepare to argue the special defenses, returned to court, and argued the matter at length before the judge as trier of fact. Again no word was uttered by anyone to claim a jury.

When counsel for Nork finally moved for relief from jury waiver the next morning, circumstances had changed. Counsel had argued the special defenses issues to the judge, and had observed his reactions to the argument. The court had before it plaintiff's objection that the delay which would result from granting the motion would inconvenience his witness; Mercy Hospital's concern that prejudice might result from a newspaper article which stated that the jury would be dismissed because of the hospital's reluctance to continue paying fees; and the court's own judicial notice of that article.

In view of the change in circumstances caused by Nork's delay in seeking relief, the trial court clearly acted within its discretion in denying his motion. In the language of the Court of Appeal in *Cloud* v. *Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 104 [168 P.2d 191]: "the case presented was no different from any other in which a plaintiff after first waiving a jury because he had decided that it was preferable to try his case to a court, afterwards changed his mind and sought relief from his waiver. If the denial of the motion under such circumstances is an abuse of discretion, then every litigant who changed his mind about a jury trial after first waiving one would equally be entitled to be relieved upon a like motion."[5]

Nork now argues that the trial judge could have avoided reargument of the special defenses and inconvenience to plaintiff's witness by denying Nork's motion for relief from jury waiver as to the special defenses but retaining the jury for the trial on the merits. This argument is inconsistent with Nork's position before the trial court. There Nork argued strenuously that the special defense issues should be tried by the existing jury, but added that *if* the existing jury were dismissed and the

---

[5]Nork argues that the quoted language of *Cloud* v. *Market Street Ry. Co., supra,* 74 Cal.App.2d 92, was overruled by the enactment of Code of Civil Procedure section 631, subdivision 8 which provides that a litigant may be relieved of jury waiver at the court's discretion. In *Taylor* v. *Union Pacific R.R. Corp.* (1976) 16 Cal.3d 893 [130 Cal.Rptr. 23, 549 P.2d 855], however, we observed that section 631, subdivision 8 "constitutes a codification of earlier appellate expressions . . . wherein it was said: 'Where a trial by jury has been regularly and voluntarily waived, such waiver cannot later be withdrawn except in the discretion of the court. [Citation.] Under the circumstances . . . which suggest no more than that the defendants changed their mind after two waivers, the court did not abuse its discretion in having the case tried without a jury.' " (16 Cal.3d at p. 899.)

court ruled against him on the special defenses, he would *then* move for a *new* jury to try the merits. In other words, Nork never suggested that the existing jury be retained to decide the merits; he moved instead that a *new* jury be empaneled for that purpose, a motion which the trial court properly denied. He should not now be heard to argue that the trial court abused its discretion in not adopting a position which Nork declined to advocate before that court.

Moreover, Nork failed to excuse his delay in seeking relief from jury waiver until after argument on the special defenses and failed, likewise, to demonstrate prejudice arising from the denial of his request. In attempting to justify his delay in seeking relief, Nork argues that Harper, one of his attorneys, was absent at the time of Mercy Hospital's motion to dismiss the jury and that Brown, who was present, was taken by "surprise." Neither argument is persuasive.

Harper's absence from the proceedings of July 23 is immaterial; Nork does not allege that Brown was not qualified to represent him, that Brown did not act in his client's interest, or that Brown disagreed with Harper on the desirability of jury trial. Neither did Brown request a continuance—which the judge indicated he would have granted—to consult with Harper. Nork's argument reduces to the assertion that if Harper had been present he, unlike his cocounsel, would have promptly sought to reclaim the jury, an assertion which is purely speculative.

Whether or not Brown was "surprised" by Mercy Hospital's waiver of the jury, that surprise does not excuse the untimely motion for relief. The surprise which will justify relief must be "some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." (*Miller* v. *Lee* (1942) 52 Cal.App.2d 10, 16 [125 P.2d 627]; *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753].)

As we observed earlier, on Friday, July 20, the court called the attention of all counsel to the fact that the factual issues presented to the jury involved only those parties, Gonzales and Nork, who had already waived jury trial. The court further asked Mercy Hospital's counsel to respond on the following Monday to the question how the court should proceed under the circumstances in which the only party paying for the

jury had no interest in the verdict.[6] Obviously Mercy Hospital's likely response to that query would be that the court should proceed without a jury, thus saving Mercy Hospital the expense of paying daily jury fees. Thus when the hospital moved to dismiss the jury, Nork's counsel should have been fully prepared to state to the court his view on whether the jury should be dismissed. If he were not so prepared, he at least bore the obligation so to inform the court and to request additional time to determine and present Nork's position on the matter.

Finally, Nork failed to demonstrate to the trial court, and does not show us, that prejudice would arise from the denial of his request for relief. Nork claims that during the trial of the special defenses he disclosed certain damaging information to the trial judge which he would not have disclosed to a trier of fact; he fails, however, to particularize those disclosures[7] or to explain how they were prejudicial. Undoubtedly in the course of trial on the special defenses Nork's counsel revealed to the trial judge matters inadmissible in evidence, some of which might have been unfavorable to Nork. But a trial judge, when sitting as a trier of fact, routinely encounters inadmissible evidence. He is expected and obliged to ignore that evidence and base his decision only on competent and admissible evidence. (See *So. Cal. Jockey Club* v. *Cal. etc. Racing Bd.* (1950) 36 Cal.2d 167, 176 [223 P.2d 1]; *Desper* v. *J. T. Jenkins Co.* (1961) 197 Cal.App.2d 277, 288 [17 Cal.Rptr. 307]; *Claremont Press Pub. Co.* v. *Barksdale* (1960) 187 Cal.App.2d 813, 818 [10 Cal.Rptr. 214].) Because Nork has not detailed the disclosures he made to the trial court, nor demonstrated their prejudicial effect, we can only assume that the trial court could and did ignore any inadmissible disclosures and based its decision on the evidentiary record.

■ In conclusion, the issue before us is not whether we in our particular individualistic judgment would have reached the same decision as did the trial judge. We do not independently review the wisdom

---

[6] Nork asserts that the court's inquiry related only to the question whether the issue of special defenses would be tried by the jury, not to the retention of a jury for the case in chief. In view of the fact that the trial of special defenses had almost concluded at the time when the court raised the subject, and that the court had already rejected Nork's motion for separate triers of fact on the special defenses and the case in chief, we conclude that Nork's interpretation of the court's inquiry is improbable.

[7] When asked by the trial judge to particularize the disclosures to which he referred, Nork's counsel indicated generally that they concerned matters of insurance coverage, collateral lawsuits, settlement negotiations, procedural problems, and so forth. Nork has not attempted here or in the trial court to specify further exactly what disclosures were made or to demonstrate prejudice flowing from those disclosures.

of his ruling; we decide whether, in view of the relevant considerations before him, he *arbitrarily* exercised his discretion and reached a decision that no reasonable judge would have reached. We have set out those considerations which support the ruling below: the untimely motion presented after argument on the special defenses had concluded; the likely inconvenience to witnesses; the risk of an angry and prejudiced jury; Nork's failure to excuse his delay in seeking relief; his failure to demonstrate prejudice from the denial of relief. Taking these considerations into account, we cannot conclude that the trial court acted arbitrarily and unreasonably in denying the motion for relief from jury waiver.

Nork has presented numerous other issues on appeal which the Court of Appeal, erroneously concluding that Nork had been deprived of his right to trial by jury, did not resolve. In order to assure that these issues are initially considered by the Court of Appeal before their presentation to us, we retransfer this cause to the Court of Appeal for resolution of those issues. (See *Taylor* v. *Union Pac. R.R. Corp., supra,* 16 Cal.3d 893, 895, 901.)

The cause is retransferred to the Court of Appeal, Third Appellate District, for disposition of defendant's appeal on the merits. With respect to the proceeding before this court each side shall bear its own costs on appeal.

Mosk, J., Clark, J., Richardson, J., Sullivan, J.,* Taylor, J.,† and Sims, J.,† concurred.

Appellant's petition for a rehearing was denied February 16, 1978.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.