452 A.2d 1195 (1982)
In the Matter of V.G.E., Appellant.
Nos. 81-682, 81-728.
District of Columbia Court of Appeals.
Argued September 8, 1982.
Decided November 24, 1982.
A. Franklin Burgess, Jr., Public Defender Service, with whom William J. Mertens, Public Defender Service, Washington, D.C., was on the brief, for appellant.
Lutz Alexander Prager, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.
Before NEBEKER, PRYOR and TERRY, Associate Judges.
*1196 NEBEKER, Associate Judge:
Appellant contests the denial of a motion to dismiss, on double jeopardy grounds, a petition in a juvenile case charging armed rape and robbery. At trial, the trial judge declared a mistrial on appellant's motion based upon an in camera inspection of material submitted by the prosecutor pursuant to the Jencks Act (18 U.S.C. § 3500(c) (1976)), wherein reference to other instances of criminal conduct by appellant was discovered. The trial judge felt that his impartiality might have been compromised, and concluded that a mistrial at such an early stage in the trial was the appropriate course.[1] Subsequently, another judge denied appellant's motion to dismiss the petition holding that appellant had failed to demonstrate either that the prosecutor's conduct in submitting the Jencks material amounted to intentional subversion of the trial judge's impartiality, or that it amounted to gross negligence thus barring retrial. We affirm.
Appellant was originally charged with six counts of armed rape and robbery of three women on three separate occasions. The trial court ordered severance of each of the alleged rapes and robberies.[2] Three separate court jackets were created; the cases were ordered tried in chronological order; and abundant care was taken to caution all witnesses against making reference to the separate proceedings. Appellant's first trial ended in acquittal. His second trial was eventually dismissed with prejudice. It is at the third trial that the events leading to the mistrial and this appeal occurred.

I
It is settled that where the defendant himself has elected to terminate the proceedings against him, the "manifest necessity" standard has no place in the application of the double jeopardy clause. Oregon v. Kennedy, ___ U.S. ___, 102 S.Ct. 2083, 2088, 72 L.Ed.2d 416 (1982); see United States v. Dinitz, 424 U.S. 600, 607-10, 96 S.Ct. 1075, 1079-81, 47 L.Ed.2d 267 (1976); United States v. Tateo, 377 U.S. 463, 467, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). Instead, in these instances, we are mindful that "[t]he interest of the public in seeing that a criminal prosecution proceed to verdict, either of acquittal or conviction, need not be forsaken by the formulation or application of rigid rules that necessarily preclude the vindication of that interest." Illinois v. Somerville, 410 U.S. 458, 463, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973). Indeed, in the instant case, it is "the public's interest in fair trials designed to end in just judgments" that is paramount. Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). Here, the appellant "has not been deprived of his valued right to go to the first jury, only the public has been deprived of its valued right to one complete opportunity to convict those who have violated its laws." Arizona v. Washington, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). Therefore, it has only been in instances of particularly egregious and prejudicial prosecutorial conduct, prompting the mistrial, that double jeopardy has barred a subsequent retrial.
Appellant argues that a prosecutor who is in full knowledge of the constant and numerous judicial actions taken to keep the separate proceedings from prejudicially spilling into each other, and who nevertheless produces material for in camera Jencks review that touches upon more than the pertinent criminal conduct, is "grossly negligent." Appellant contends that this conduct, where it prompts his own motion for mistrial, bars retrial on double jeopardy grounds. The trial court rejected this argument *1197 holding that though the prosecutor's conduct may have been irresponsible, even negligent, it did not amount to intentional misconduct or gross negligence. We find no error, for the prosecutor had no choice but to comply with the Jencks Act requirement of submitting non-Jencks material for in camera inspection.
Under the very recent Supreme Court case of Oregon v. Kennedy, supra, much of the remnant ambiguity in this area of the law has been put to rest. Parenthetically, we note that under United States v. Johnson, ___ U.S. ___, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), we may fairly apply Kennedy, supra, to the instant case. It is settled that where a decision merely affirms prevailing law and applies it to the particular case before the court, the decision is applicable to all pending cases. United States v. Johnson, supra 102 S.Ct. at 2587. The vast majority of federal and state courts have consistently held that only deliberate prosecutorial misconduct would bar retrial on double jeopardy grounds. So held the Court in Kennedy, and we are not persuaded that because the court put to rest some arguably inconsistent language from earlier opinions, we may not allow Kennedy this limited retroactive effect.
In Kennedy, the court held that prosecutorial conduct leading to mistrial on defendant's motion will not bar retrial on double jeopardy grounds absent proof that the government conduct was intended to "goad" the defendant into moving for a mistrial. Id. 102 S.Ct. at 2089. Thus, appellant must demonstrate that the prosecutor's action was intended "to provoke the defendant into moving for a mistrial." Id. 102 S.Ct. at 2091. We find this case and its holding dispositive of the present appeal.
Accordingly, the order denying dismissal of the petition is
Affirmed.
NOTES
[1] The trial judge expressly left open the question of whether double jeopardy would bar retrial.
[2] Seemingly, this severance was in disregard of the established axiom that a judge, in a bench trial, is presumed to be able to exclude the irrelevant and the inadmissible in the trial of the case. Knox v. Akowskey, D.C.App., 116 A.2d 406, 407 (1955); see United States v. Martinez, 597 F.2d 509, 510 (5th Cir.1979); In re M.A.C., 244 Ga. 645, 261 S.E.2d 590, 597 (1979); Gonzales v. Nork, 20 Cal.3d 500, 143 Cal.Rptr. 240, 573 P.2d 458, 464 (1978); Isaacson v. Obendorf, 99 Idaho 304, 581 P.2d 350 (1978).