Filed 3/27/25  Ruiz v. SMCA Main Street Plaza CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BONIFACIO LUIS RUIZ, Plaintiff and Appellant, v. SMCA MAIN STREET PLAZA, LLC, Defendant and Appellant. | B329993 (Los Angeles County Super. Ct. No. 20STCV45202) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Affirmed.

Keiter Appellate Law, Mitchell Keiter; and Eric S. Bershatski for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Daniel R. Velladao, and Megan E. McDonald; Law Offices of Scott C. Stratman and Gregory A. Dilts for Defendant and Appellant.

—————————————

Bonifacio Luis Ruiz brought this personal injury action against SMCA Main Street Plaza, LLC (SMCA) after he allegedly slipped, fell, and was injured at SMCA's premises. Ruiz attempted repeatedly to personally serve SMCA with the complaint but ultimately did so via substituted service. (See Corp. Code, § 17701.16, subd. (c).) The trial court subsequently entered SMCA's default, and later, a default judgment. Approximately three months thereafter, SMCA moved to set aside the default and default judgment. The trial court denied the motion.

SMCA now appeals from the trial court's denial of its motion to set aside the default and default judgment, and Ruiz cross-appeals from the trial court's default judgment in which it denied his request for an award of prejudgment interest. We affirm both the judgment and the order.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2020, Bonifacio Luis Ruiz filed this personal injury action against SMCA. He alleged that he was injured when he slipped and fell on February 2, 2019, on a wet floor on premises controlled by SMCA. From information on file with the California Secretary of State, Ruiz identified James DeMircift as SMCA's sole manager/member and agent for service of process. SMCA's Statement of Information (Form LLC-12), filed with the Secretary of State on July 8, 2020, indicated a street address for SMCA in North Hollywood, California,[1] and a

---

[1]    DeMircift later swore in a declaration filed in support of SMCA's motion to set aside the default and default judgment that the business address for SMCA "identified in the Secretary of State filing" had a different suite number and zip code than were listed on the July 2020 Form LLC-12.

mailing address at a Burbank, California, post office box (the Burbank Post Office Box).

Ruiz made many unsuccessful attempts to serve SMCA with the summons and complaint. On November 30, 2020, Ruiz attempted service via a process server at the North Hollywood address. A security guard and manager of the premises told the server they did not know SMCA. Over the course of about ten days in December 2020, the process server made eight separate attempts to serve DeMircift at a residential address associated with him in Burbank, California (the Burbank Residential Address). Ruiz's counsel then attempted to serve SMCA via notice and acknowledgement on December 10, 2020, by mailing the summons, complaint, and other documents to the North Hollywood address, the Burbank Residential Address, and the Burbank Post Office Box. (See Code. Civ. Proc., § 415.30.) The acknowledgement form was not returned.

Ruiz's efforts to serve SMCA continued into 2021. He ordered a skip trace on DeMircift, which yielded a commercial address in Encino, California. Over the course of about a month in February and early March 2021, a process server made ten separate attempts to serve DeMircift at the Encino address. The process server spoke to some workmen there on several occasions, but they shared no information about DeMircift or SMCA. On April 6, 2021, a process server attempted service at another possible commercial address for SMCA in Glendale, California. That address was occupied by a different business with no knowledge of SMCA. On April 13, 2021, the process server surveilled the Burbank Residential Address for two hours. A neighbor confirmed the DeMircift family lived there, but she did not know their schedule. Finally, on May 2021, Ruiz

3

requested from the United States Postal Service a street address associated with SMCA's Burbank Post Office Box. The Postal Service returned the same Burbank Residential Address where service had already been attempted multiple times.

After those fruitless service attempts, on June 17, 2021, Ruiz moved the Superior Court for an order authorizing substituted service to be made upon SMCA via the California Secretary of State. (See Corp. Code, § 17701.16, subd. (c).) The court issued the requested order on June 24, 2021. On June 30, 2021, a process server served SMCA with the summons, complaint, and other documents via substituted service on Thad Jones, an employee at the Secretary of State's office in Sacramento, California. According to DeMircift, SMCA was not in contact with Thad Jones or anyone from the Secretary of State's office regarding Ruiz's lawsuit.

On August 27, 2021, Ruiz requested that the trial court enter SMCA's default, and the court so ordered that same day. Also that day, Ruiz mailed a copy of the request and the court's order to SMCA, to the attention of James DeMircift, at the Burbank Post Office Box and the Burbank Residential Address.

More than a year later, on November 10, 2022, Ruiz requested that the court enter a default judgment against SMCA in the amount of $194,072.59. Ruiz mailed a copy of the request to SMCA at the Burbank Post Office Box on the same day.

On December 22, 2022, the court entered a default judgment against SMCA in the amount of $93,199.45. It reduced some of the relief that Ruiz had requested, ultimately awarding special damages of $51,788.54, general damages of $40,000, nothing in prejudgment interest, and $1,410.91 in costs.

4

Several months later, on February 3, 2023, SMCA moved to set aside the default and default judgment against it on a variety of grounds. The declaration DeMircift submitted in support of the motion stated that SMCA learned of Ruiz's lawsuit on November 25, 2022, via "Notice of Default papers served via mail." The trial court denied SMCA's motion on May 3, 2023, after a hearing. It reasoned that SMCA's motion pursuant to Code of Civil Procedure 473.5 was untimely and that Ruiz had properly served SMCA via substituted service upon the Secretary of State.

SMCA timely appealed from the default judgment and from the order denying its motion to set aside. (Code Civ. Proc., § 904.1, subd. (a)(1)–(2); Cal. Rules of Court, rule 8.104(a)(1)(A), (C) & (e).) In turn, Ruiz timely cross-appealed from the court's default judgment. (See Cal. Rules of Court, rule 8.108(g)(1).)

## DISCUSSION

### I.     The Trial Court Did Not Abuse its Discretion in Denying SMCA's Code of Civil Procedure Section 473.5[2] Motion

The trial court denied SMCA's motion to set aside the default and default judgment against it pursuant to section 473.5 on the ground that "the default was entered against Defendant more than 180 days before this motion was filed." The trial court also found "that Plaintiff properly served the California Secretary of State under Corp Code section 17701.16(c)."

On appeal, SMCA argues the trial court was wrong because (1) its motion was timely, and (2) it had no actual notice of Ruiz's lawsuit. We are not persuaded.

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

### A.  Standard of Review

"We review a trial court's decision to grant or deny relief under section 473.5 for abuse of discretion."  (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 885 (*Rios*).)  That means that "as long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action.' "  (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 507 (*Gonzales*).)  Nevertheless, we recognize that in the context of default judgments, " 'it is the policy of the law to favor, whenever possible, a hearing on the merits.' "  (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907–908 (*Luxury Asset*).)

### B.  Framework of Section 473.5 Relief

"[S]ection 473.5 has long been understood to specifically address the situation in which a party is constructively served and the judgment is valid[,] . . . but the defendant did not receive actual notice."  (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 215 (*California Capital*).)  A movant must comply with the statutory time limitations and substantive requirements to be eligible for relief.  The motion "must be served and filed 'within a reasonable time' but before the earlier of:  (1) 180 days after service of written notice of the default or default judgment on the defendant or (2) two years after entry of the default judgment."  (*Luxury Asset*, *supra*, 56 Cal.App.5th at p. 908; § 473.5, subd. (a).)  And, "the defaulted defendant must submit an affidavit showing the lack of actual notice was not due to its avoidance of service or inexcusable neglect."  (*Luxury Asset,* at p. 908; see also § 473.5, subd. (b).)

6

If the movant meets those requirements, the trial court may grant the motion to set aside if the motion is timely and the court finds "that [the defendant's] . . . lack of actual notice in time to defend the action was not caused by his . . .avoidance of service or inexcusable neglect." (§ 473.5, subd. (c).) The movant bears the burden of making that showing. (*Rios*, *supra*, 65 Cal.App.5th at p. 885.)

## C. On This Record, the Trial Court Reasonably Determined That the Motion Was Untimely

SMCA argues that the trial court abused its discretion in finding that its section 473.5 motion was untimely. Ruiz largely ignores that issue and insists that the 473.5 motion failed on its merits.

As described above, section 473.5 contains several deadlines to file a motion for relief. (§ 473.5, subd. (a).) SMCA argues that its motion was timely under some of those provisions. For example, it points out that it filed its motion within two years after the trial court entered default judgment, as required by section 473.5, subdivision (a). It also filed its motion to set aside before Ruiz served it with notice of the entry of default judgment, and therefore complied with one of the periods prescribed by section 473.5, subdivision (a). In addition, it filed its motion less than three months after it received notice of the lawsuit in November 2022, which it argues is "a reasonable time" for purposes of section 473.5, subdivision (a). (See *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 892–893 [four months was reasonable].)

The timeliness question thus turns on whether SMCA's motion was filed more than "180 days after service on [it] . . . of a written notice that the default . . . has been entered." (§ 473.5,

7

subd. (a).)[3]  According to the documents we have been provided, Ruiz mailed the request for and entry of default to SMCA at both the Burbank Post Office Box address and the Burbank Residential Address on August 27, 2021.  That was more than 500 days before SMCA filed its motion to set aside the default and default judgment on February 3, 2023, far outside the 180 day window of section 473.5, subdivision (a).  The trial court thus reasonably determined that the motion was untimely.

We reject both of SMCA's challenges to that conclusion. First, SMCA argues that Ruiz purported to serve it with only a request for default to be entered, not "a written notice that the default . . . has been entered."  (§ 473.5, subd. (a).)  That assertion is not supported by the record.  The document that SMCA cites in its brief as the document Ruiz mailed to it states that the court entered the default on August 27, 2021: there is a check in the box next to "Default entered as requested on (date) 08/27/2021." And Ruiz's brief here asserts that he "served the *granted* request" on SMCA.  SMCA has given us no reason to second guess the trial court's interpretation of the face of that document.  (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862 (*Sakaguchi*); *Gonzales*, *supra*, 20 Cal.3d at p. 507.)

Second, SMCA argues that it did not "receive[] service of the request for default," and thus Ruiz's mailing of that document on August 27, 2021, did not start the clock running for purposes of section 473.5, subdivision (a).  For that proposition, it relies on

---

[3]  We reject SMCA's assertion that the trial court erroneously construed SMCA's motion as solely seeking to set aside the default, not the default judgment.  The trial court's minute order plainly (and repeatedly) refers to the motion as one "to Set Aside/Vacate Default and Default Judgment (CCP 473.5)."

the declaration of James DeMircift, which states that on November 25, 2022, "[SMCA] was first informed of a lawsuit from Plaintiff Bonificio Luis Ruiz against [SMCA], through Notice of Default papers served via mail." That declaration stops short of expressly stating that SMCA never received the notice of entry of default that was mailed in August 2021. But even assuming SMCA did not receive that notice, it cites no authority suggesting that would suspend or delay the running of the 180 day period for purposes of section 473.5, subdivision (a). We are therefore not convinced that the trial court abused its discretion in deciding the motion was untimely. (See *Sakaguchi*, *supra*, 173 Cal.App.4th at p. 862.)

In fine, SMCA has not demonstrated that the trial court abused its discretion in concluding that SMCA's motion to set aside was untimely under section 473.5.

### D. Even if SMCA's Motion Was Timely and SMCA Lacked Actual Notice of Ruiz's Lawsuit, It Did Not Satisfy the Other Requirements for Section 473.5 Relief

Even if we assumed that SMCA's section 473.5 motion was timely, we would nevertheless affirm the trial court's decision on the alternative ground that SMCA did not demonstrate its eligibility for relief. SMCA argues that the trial court abused its discretion in denying the motion because it had no actual notice of Ruiz's action.[4]

---

[4] The trial court said nothing about actual notice in its order, but SMCA seizes upon the trial court's finding that "the evidence shows that Plaintiff properly served the California Secretary of State under Corp Code section 17701.16(c)," and argues that

9

Actual notice "consists in express information of a fact." (Civ. Code, § 18, subd. (1).) As used in Code of Civil Procedure section 473.5, it " ' " 'means genuine knowledge of the party litigant.' " ' " (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.) There is no evidence suggesting that the Secretary of State gave SMCA notice of the complaint. (See Corp. Code, § 17701.16, subds. (d)–(e).) And SMCA presented evidence from DeMircift that it was not aware of the lawsuit until November 2022. Ruiz does not argue otherwise. We therefore credit SMCA's contention that it did not have actual notice of Ruiz's action until November 2022.

Be that as it may, SMCA's lack of actual notice does not demonstrate that it was eligible for section 473.5 relief. SMCA is silent regarding the other requirements of that statute, and "ignores [its] own failure to comply with the statute's procedural requirements." (*Sakaguchi*, *supra*, 173 Cal.App.4th at p. 861; § 473.5, subd. (b)). Critically, there is no evidence in the record that SMCA's lack of notice "was not caused by [its] avoidance of service or inexcusable neglect." (§ 473.5, subd. (b).) DeMircift's declaration is silent regarding both those matters.[5]

---

"does not mean that SMCA had notice of the action." But in the context of the parties' briefing on the motion, it is apparent that the court's reference to proper service under Corporations Code section 17701.16, subdivision (c), rejected SMCA's argument that the default judgment was void because of improper service. That will be addressed in Issue II, below.

[5] Because that omission renders SMCA ineligible for relief, we do not address whether it was also ineligible for the additional reason that it failed to file an adequate proposed answer.

SMCA's failure to assert–let alone show–that it met all the substantive requirements for relief under section 473.5 is fatal to its argument here on appeal.  (See *Sakaguchi*, *supra*, 173 Cal.App.4th at pp. 861–862 [deficient affidavit]; *Rios*, *supra*, 65 Cal.App.5th at pp. 885–886 [same].)

## II. The Trial Court Correctly Denied SMCA's Section 473, Subdivision (d), Motion on the Ground That Proper Substituted Service Occurred

SMCA argues that the trial court also erred in denying its motion to set aside the judgment pursuant to section 473, subdivision (d).  It asserts that it was not properly served with the complaint and summons pursuant to Corporations Code section 17701.16, subdivision (c).  We disagree.

### A.  Standard of Review

A "reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d):  whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' " (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).)  The first issue is reviewed de novo, the second is reviewed for abuse of discretion.  (*Ibid.*; see *Sakaguchi*, *supra*, 173 Cal.App.4th at p. 858.)

### B.  Framework of Section 473, Subdivision (d) Relief

In contrast to a motion for relief under section 473.5 (which "seeks to set aside a *valid* judgment rendered without actual notice"), a motion "for relief under section 473(d) seeks to invalidate a judgment void for improper service."  (*California*

---

(See § 473.5, subd. (b); *Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 898.)

*Capital*, *supra*, 17 Cal.5th at p. 223; see also *id.* at p. 215.)[6] " '[A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.' " (*Sakaguchi*, *supra*, 173 Cal.App.4th at p. 858.) If the judgment " ' "is invalid on the face of the record," it "may be set aside on motion, with no time limit on the time within which the motion must be made." ' " (*California Capital*, at p. 215.)

"To prove that a judgment is void on its face, the party challenging the judgment is limited to the judgment roll." (*California Capital*, *supra*, 17 Cal.5th at p. 216, fn. 3.) When a defendant has not answered the complaint, the judgment roll comprises "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (§ 670, subd. (a).) "[N]o extrinsic evidence is allowed." (*California Capital*, at p. 216, fn. 3.)

### C. The Judgment Roll Reflects Proper Service Pursuant to Corporations Code Section 17701.16, Subdivision (c)

SMCA argues that it was not properly served with the summons and complaint. As described above in the Background section, Ruiz obtained a court order to serve SMCA by substituted service on the California Secretary of State pursuant

---

[6]  We therefore reject SMCA's contention that the judgment is void merely because it "did not have actual notice of the action against it." We also reject SMCA's implication that personal service is the exclusive method of proper service. (See *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 40–41 [personal service is generally "the method of choice," but substituted service may be authorized].)

to Corporations Code section 17701.16, subdivision (c). (See Code Civ. Proc., § 417.10, subd. (c).) The judgment roll contains the proof of service demonstrating that substituted service of the summons, complaint, and other documents was accomplished at the office of the Secretary of State.

SMCA concedes "that the Secretary of State received service of the summons and complaint," but argues that is insufficient because "there is no evidence that the Secretary . . . sent the required documents to DeMircift as required by Corporations Code section 17701.16, subdivision (d)." We do not agree.

SMCA has not pointed us to any authority suggesting that substituted service by a plaintiff pursuant to Corporation Code section 17707.16, subdivision (c), is incomplete unless and until the Secretary of State forwards the documents to the limited liability company in the manner described in subdivisions (d) and (e). On the contrary, the statute provides that service accomplished pursuant to subdivision (c) "shall be deemed complete on the 10th day after delivery of the process to the Secretary of State." (Corp. Code, § 17701.16, subd. (c).)

SMCA further argues that the absence from the judgment roll of a "certificate under the Secretary of State's official seal certifying that it provided SMCA with notice of the case" means that the judgment is void. Again, SMCA has not pointed us to any authority suggesting that such a certificate is a component of the judgment roll. On the contrary, the judgment roll comprises "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (§ 670,

13

subd. (a).)  A Secretary of State certificate is not part of the judgment roll.

The cases upon which SMCA relies underscore that the critical document for this inquiry is the proof of service, and they do not support SMCA's position that a lack of actual notice renders a judgment void.  In one case, defects in the proof of service rendered the judgment void; actual notice was not at issue.  (See *Kremerman v. White* (2021) 71 Cal.App.5th 358, 371–374.)  In another, SMCA misreads the decision when it asserts that the court determined that "the judgment . . . was void for lack of actual notice."  (See *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 962.)  Service there had been accomplished by publication, which is " 'a prescribed form of constructive notice.' " (*Ibid.*)  California law provides that when a plaintiff seeks to serve a defendant via publication, "the 'court shall order the summons to be published in a named newspaper . . . that is most likely to give actual notice to the party to be served.' "  (*Ibid.*) The plaintiff published the notice in a newspaper other than the one ordered by the court, which thus "render[ed] the judgment void on its face."  (*Ibid.*)  Whether the defendant in fact had actual notice was not at issue.  (See *ibid.*)

In its reply brief, SMCA argues that extrinsic evidence demonstrates the invalidity of the judgment–that DeMircift's declaration states SMCA did not have any contact with the Secretary of State regarding Ruiz's lawsuit, and that Ruiz has not provided a certificate from the Secretary of State showing that the Secretary of State sent the complaint and summons to SMCA.  (See Corp. Code, § 17701.16, subd. (e).)  We decline to speculate about the implications of extrinsic evidence, because when a judgment's invalidity can be demonstrated "only through

14

consideration of extrinsic evidence, such as declarations . . . , the order is not void on its face." (*Pittman, supra,* 20 Cal.App.5th at p. 1021.)

Thus, the trial court correctly determined the default judgment was not facially void, and it properly denied SMCA's motion for section 473, subdivision (d) relief. (See *Pittman, supra,* 20 Cal.App.5th at p. 1020.)

## III.  The Trial Court Correctly Denied Ruiz's Request for an Award of Prejudgment Interest

Ruiz cross-appeals from the trial court's denial of his request for an award of prejudgment interest pursuant to Civil Code sections 3287, subdivision (a), and 3288. The trial court denied the request for interest because that was "not included in the damages requested in the Complaint, nor is it included in the statement of damages served on Defendant." The court noted that Ruiz "filed an amended interest calculation at a rate of 7% on a total damages award of $91,788.54" and that he "seeks $17,793.60 in prejudgment interest." But because "Defendant had no notice of Plaintiff's demand for prejudgment interest," the trial court refused to award it.

### A.  Standard of Review

We independently review the trial court's statutory interpretation, including its "interpretation of the prejudgment interest provisions in the Civil Code." (*Crane v. R.R. Crane Investment Corp.* (2022) 82 Cal.App.5th 748, 756; see also *20th Century Ins. Co. v. Garamendi* (1994) 8 Cal.4th 216, 271; *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752.)

### B. Merits

Ruiz asserts that the trial court erred in concluding "he failed to request interest in his statement of damages,"

15

and that the "Code of Civil Procedure section 425.11 imposed 'additional requirements' on personal injury plaintiffs like Ruiz." We conclude the trial court did not err.

As to the first ground, Ruiz mischaracterizes the court's order. The court found that Ruiz failed to include a request for interest in his complaint or "the statement of damages *served on Defendant*" (emphasis added).

California law has an interlocking statutory framework applicable to personal injury actions seeking damages. Section 425.10, subdivision (b), prohibits personal injury plaintiffs from stating in their complaints the amount of damages sought. However, upon demand, personal injury plaintiffs must nevertheless provide defendants with "a statement setting forth the nature and amount of damages." (§ 425.11, subds. (b)–(e).) Also, before a default judgment may be taken, such a plaintiff "shall serve" such a statement on the defendant. (§ 425.11, subd. (c); see also *Greenup v. Rodman* (1986) 42 Cal.3d 822, 827.) Moreover, where (as here) a party has not appeared in the action, "the statement shall be served in the same manner as a summons." (§ 425.11, subd. (d)(1); see *Parish v. Peters* (1991) 1 Cal.App.4th 202, 210 (*Parish*).) The code provisions allowing for substituted service remain applicable so that plaintiff's rights can be preserved even in the face of a "absent defendant." (*Parish*, at pp. 210–211.)

Ruiz has not demonstrated that he included a request for interest in any statement of damages that he served upon SMCA "in the same manner as a summons." (§ 425.11, subd. (d)(1).) He points us to the statement of damages contained in his request for the court to enter a default judgment, dated November 10, 2022, which includes a request for $40,873.14 in

16

interest.  That was mailed to SMCA at the Burbank Post Office Box on that same date.  But a summons cannot be served by mailing a copy to a post office box.  (See §§ 415.10, 415.20, 416.20, subd. (b); see also *Twine v. Compton Supermarket* (1986) 179 Cal.App.3d 514, 517.)  Thus, that document does not establish that Ruiz adequately served SMCA with a statement of damages reflecting his demand for interest.

As to the second ground, the trial court considered the "additional requirements" of Code of Civil Procedure section 425.11 in the context of rejecting Ruiz's argument "that a general prayer in a complaint is sufficient to support an award of interest."  It correctly noted those additional requirements "are intended to provide defendants with notice of the specific relief a plaintiff seeks . . . in personal injury actions."  (See *Parish, supra,* 1 Cal.App.4th at p. 210.)  Moreover, in the specific context of default judgment awards, "[t]he relief granted . . . cannot exceed that demanded in the complaint . . . [or] in the statement required by Section 425.115."  (§ 580, subd. (a); *Greenup v. Rodman, supra,* 42 Cal.3d at p. 826.)

Because Ruiz has not shown that he asked for prejudgment interest in his complaint or in a properly served damages statement, the trial court did not err in refusing to award prejudgment interest.[7]

---

[7]     The parties dispute Ruiz's entitlement to an award of prejudgment interest under the provisions of Civil Code sections 3287, subdivision (a), and 3288.  Because the trial court denied Ruiz's request for the threshold reason that Ruiz had not properly served SMCA with a request for prejudgment interest, it did not reach those alternative grounds for denying relief.  Neither do we.

17

**DISPOSITION**

The default judgment and the order denying the motion to set aside default and default judgment are affirmed.  The parties shall bear their own costs on appeal.


RICHARDSON, J.


We concur:



LUI, P. J.



ASHMANN-GERST, J.