[Civ. No. 10414. First Appellate District, Division One.—October 13, 1937.]

DORA ZIEGLER, Respondent, v. OHIO FARMERS IN-SURANCE COMPANY (a Corporation), Appellant.

Leslie C. Gillen for Appellant.

Martin S. Walsh for Respondent.

KNIGHT, J. — The defendant, Ohio Farmers Insurance Company, a corporation, appeals from a judgment in the sum of $861.80 rendered by the court after trial without a jury,

in favor of the plaintiff, Dora Ziegler, in an action to recover on a policy of fire insurance issued to John W. Barron, covering property operated by him as a laundry, the buildings being insured for $1,000 and the equipment for $600. At the time of the issuance of the policy in January, 1933, and the occurrence of the fire the following April, respondent was the owner of the laundry premises, subject to a lease thereof to Barron carrying an optional agreement to purchase, upon which Barron had made some small payments; and at the same times she was the owner, by assignment, also of a recorded chattel mortgage on the equipment, the assignment likewise being of record.

Appellant makes no claim of any concealment, deception, misrepresentation or other fraud having been practiced upon it by any of the parties at any time; moreover, it admits that all premiums had been paid, that the property insured was destroyed by fire, and that due and truthful proof of loss was made in conformity with the provisions of the policy. ▉ But as the main ground of appeal it contends that respondent failed to offer any testimony showing the cash value of the property destroyed or the extent of respondent's financial interest therein at the time of its destruction, and that therefore the judgment is unsupported.

The state of the pleadings did not require the making of such proof for the reason that the amount of loss suffered by plaintiff was pleaded by certain allegations in paragraph VI of the second amended complaint, the sufficiency of which is not challenged, and the answer contains no denials whatever of those allegations. In paragraph V of the answer appellant alleged that it had no information or belief sufficient to enable it to answer said allegations, but there the pleader stopped; and nowhere in said paragraph V nor elsewhere in said answer did appellant deny on information or belief or otherwise any portion of said allegations. As declared by section 437 of the Code of Civil Procedure, if the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer ''and place his denial on that ground''. It is evident, therefore, that where, as here, a defendant merely states that he has no information or belief sufficient to enable him to answer, and there stops and makes no denial on that or any other ground, no issue of fact is raised. Further-

more, it would appear from the record that the cause was tried by the court and the respective parties upon the understanding that the truthfulness of the proof of loss being admitted, no further evidence upon either of the points mentioned was necessary. In any event, the failure to deny said allegations in paragraph VI of said complaint precludes appellant from raising the point for the first time on appeal.

Nor can we sustain appellant's further contention that on account of a statement contained in an inappropriate rider attached to the policy through the error of appellant's agent, purporting to limit the mortgagee's interest in the proceeds of the policy to the insurance on the buildings, respondent may not recover any of the insurance due on the loss of the laundry equipment, for the reason that subsequent to the fire and prior to the commencement of this action Barron, the insured, made a complete assignment to respondent of all of his interest, not only in the policy itself but to all the proceeds thereof. This undisputed fact was established by the testimony of Barron, who was produced and examined by appellant as its own witness. It follows, therefore, that even though respondent was precluded from recovering the insurance on the laundry equipment under the technical terms of the erroneous rider, she was nevertheless entitled to collect the same as assignee of the proceeds of the policy.

Appellant's final point is that the trial court erred in refusing to grant its motion for a nonsuit. But no grounds whatever were stated by appellant in the trial court in support of its motion, and the same was not made until after it had opened its defense by producing and examining the witness Barron in support of its case. Upon those grounds alone the trial court was justified in denying the motion.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.