Filed 8/2/16  Beykpour v. Lysenko CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PEYMAN BEYKPOUR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ESTATE OF LYSENKO,<br><br>    Defendant and Respondent. | A142838<br><br>(Sonoma County<br>Super. Ct. No. SCV252819) |

Peyman Beykpour appeals from a judgment on a jury verdict awarding him $4,600 in his suit against the Estate of Helen P. Lysenko (the Estate) for damages arising from an automobile accident.  Beykpour contends that the court abused its discretion when it allowed the Estate to amend its answer to the complaint at the beginning of trial, and denied his request to continue the trial.  The court had reasonable grounds for the rulings and we affirm the judgment.

## I.  BACKGROUND

Lysenko rear ended Beykpour's car on December 2, 2010.  She died in August 2012, and Beykpour filed a verified amended complaint against Lysenko's estate in December 2012.  The Estate's answer asserted a general denial and affirmative defenses.  Beykpour moved to strike the answer, and the Estate amended its answer.  The amended answer asserted a general denial, affirmative defenses, and responses to specific allegations of the amended complaint.  The responses to the specific allegations admitted Lysenko's fault in the accident, and that the collision caused personal injury and property damage.

1

Paragraph 8 of the amended complaint alleged: "Long before, immediately prior to, and at the time of the collision, plaintiff was healthy with no acute or chronic physical or nervous conditions resulting in pain and/or suffering." Paragraph 12 alleged: "Plaintiff is informed and believes as a proximate result of this violent collision, plaintiff was injured in his health, strength, and activity, and sustained injury to his body and shock and injury to his nervous system and person, and sustained the following personal injuries, among others: spinal cord contusion and shearing resulting in pain in cervical plexus, brachial plexus, thoracic nerves, lumbar and sacral plexus, and sciatica, along with wrist and shoulder sprain, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. These injuries will result in some permanent disability to plaintiff, all to his general damage."

The amended answer responded to paragraph 8: "Defendant lacks information or belief sufficient to answer the allegations of this paragraph as defendant has no information regarding the plaintiff (*sic*) prior health status." The answer responded to paragraph 12: "Defendant admits that the plaintiff sustained some pain and personal injuries as a result of this incident. Defendant has not yet retained any experts and is unable to admit whether plaintiff 'sustained spinal cord contusion and shearing' or 'permanent disability.' "

In July 2013, Beykpour moved to strike the general denial, the affirmative defenses, and the response to paragraph 1 of the amended complaint. The Estate's opposition stated in part: "[D]espite the fact that defense counsel has on multiple occasions represented that the only issues in this case are causation and damages, and discovery responses substantiate this, the plaintiff persists in making arguments over practically every sentence in the answer, insisting that the answer be amended once again until he is satisfied with the way each sentence reads. This is despite the fact that on May 28, 2013, the plaintiff served Requests for Admissions, that addressed almost all the issues and problems he finds with the answer, and these requests have been responded

2

to.[1] . . . [¶] . . . [¶] . . . [P]laintiff has picked over language, even after being told that defendant is not disputing liability. Clearly as there was a settlement offer made, there is not a dispute as to whether there was an injury, but only as to the nature of the injuries, and the reasonableness of the treatment and the cost of that treatment."

At the hearing on the motion to strike, defense counsel stated, "The things that they're arguing really have no great impact on this case. It's admitted liability. The only issues are causation and damages . . . ." The court similarly stated, "[D]efendant's position here is not that a rear ender occurred that she acknowledges did, the defendant' contention is that . . . [¶] . . . [¶] . . . the plaintiff didn't suffer any damages as a result of the impact or the injury or not as alleged in the complaint. So I think that the answer is sufficient to move forward at this point." The court struck only the general denial in the amended answer.

One of Beykpour's motions in limine was "to read defendant's admissions to the jury and to exclude evidence of facts inconsistent with defendant's admissions." Beykpour argued that the Estate admitted "duty, breach, causation; and the nature and extent of plaintiff's injuries, and the necess[i]sity of treatment" because the amended answer's responses to paragraph 8 and 12 of the amended complaint merely stated that the Estate "lack[ed] information or belief" regarding Beykpour's health before the accident, and was "unable to admit" the injuries he allegedly suffered as a result of the accident. When a defendant " 'merely states that he has no information or belief sufficient to enable him to answer, and there stops and makes no denial on that or any other ground, no issue of fact is raised. (*Ziegler v. Ohio Farmers Ins. Co.* (1937) 23 Cal.App.2d 138, 139).' "

The court considered this motion at a hearing when the case was called for trial. The Estate's counsel responded to Beykpour's argument: "This is a basic case. It always has been. There's never been a dispute in liability. The only cautions (*sic*) are causation

---

[1] At this point, defense counsel stated that she was filing a declaration with copies of the relevant discovery. This declaration has not been included in the appellate record.

and damages. And they're trying to . . . have us admit to these issues by whatever language is in the answer." Counsel asked for leave under Code of Civil Procedure section 473 to amend the answer to add the words "and as such defendant denies" to the paragraphs that allegedly admitted paragraphs 8 and 12. Counsel added: "Obviously that's been denied because we did a defense medical exam. They have an expert. They know causation is an issue in the case." The court took the motion under submission.

Beykpour filed a supplemental brief arguing: "Defendant has had almost a year and a half to seek to fix any problems it saw in its answer. Defendant has been aware of the lack of denials in its answer since Plaintiff brought his Motion to Strike Portions of Defendant's answer nearly a year ago. Defendant was again made aware of the lack of denials when Plaintiff brought this motion in limine in December of 2013. During this entire time, Defendant never moved to amend its answer. It would severely prejudice Plaintiff to allow Defendant to amend its answer now, on the eve of trial. Discovery has closed, Plaintiff has prepared for trial, and during this time Plaintiff had the pleadings in their current form to rely on in determining the elements at issue in this case."

During further argument, Beykpour argued that he would be prejudiced if the court granted leave to amend since he had not deposed a defense witness, orthopedic surgeon Michael Star, who was expected to testify about allegedly admitted issues of causation. Beykpour requested to continue the trial if the Estate was allowed to amend its answer. The Estate's counsel responded: "As to Dr. Star, we did a proper expert disclosure that we would make him available for deposition, the plaintiff had an option to depose him and they never took advantage of that option. And that's to their fault. [¶] They decided not to depose him. He examined the plaintiff and he prepared a report and that report was provided to counsel. [¶] . . . [¶] The only issue in this case is what amount of his injuries are related to this accident and what amount of those injuries required treatment and how much treatment. That's always been the only issue. That's been addressed in all the discovery that was responded to in this case. [¶] So for them to claim that this is some type of unfair surprise to them and they did not anticipate this at trial, we believe it's an unreasonable argument under the circumstances."

4

The court granted the Estate leave to amend and denied Beykpour's request to continue the trial. The Estate filed a second amended answer that added the words "and as such, defendant denies" to paragraphs 8 and 12 quoted above.

## II. DISCUSSION

### A. Leave to Amend

Code of Civil Procedure section 473, subdivision (a)(1) provides: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . . The court may likewise in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars . . . ."

"[G]enerally courts will liberally allow amendment of pleadings at any stage of the proceeding." (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280.) " ' "[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown. [Citations.]" ' " (*Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746.) "If the lower court grants leave to amend, the dual policies [of liberal allowance and broad discretion] almost invariably result in affirmance." (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1195, p. 627.)

This case presents no cause for exception. The court reasonably allowed the Estate to amend its answer to reflect the position it had consistently taken in the case that put causation and damages in issue. Beykpour is correct that, under California law, statements such as those in the Estate's first amended answer that it lacked sufficient information to respond are not treated as denials. (5 Witkin, supra, Pleading, § 1065, p. 501.) But "this perfectly reasonable method of denial" is permitted in other states and federal practice. (*Ibid.*) The responses in the Estate's answer were not by their terms admissions, and its omission of words such as "and we therefore deny" was merely a mistake of form, not substance. Since the court had a reasonable justification for

5

allowing the amendment, its decision was not an abuse of discretion.  (*Gonzalez v. Nork* (1978) 20 Cal.3d 500, 507.)

Beykpour relies on the general proposition that a party cannot amend a pleading so as to contradict an admission in a prior pleading.  (*Therman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal.App.4th 1112, 1158.)  However, the responses at issue in the first amended answer did not expressly admit anything, and could be considered admissions only in a technical legal sense.  We are not persuaded that the general rule that prohibits a party from contradicting prior admissions applies in this circumstance.  Beykpour notes that "[w]hile section 473 of the Code of Civil Procedure authorizes minor amendments without requiring notice to the adverse party, notice is necessary where an amendment concerns a matter of substance."  (*In re Estate of Hunter* (1961) 194 Cal.App.2d 862, 864-5.)  Advance notice of the amendments was not required here because, as we have said, they did not concern a matter of substance, and raised no issue that was not already contested by the defendant and in issue between the parties.

B.  Denial of a Continuance

Code of Civil Procedure section 473, subdivision (a)(2) provides:  "When it appears to the satisfaction of the court that the amendment [of a pleading] renders it necessary, the court may postpone the trial, and may, when the postponement will by the amendment be rendered necessary, require, as a condition of the amendment, the payment to the adverse party of any costs as may be just."

"A trial court has broad discretion in ruling on a motion for a continuance.  [Citation].  It is the duty of the trial court to vigorously insist upon cases being heard and decided in the most timely manner possible, unless there are compelling reasons to the contrary.  [Citation]."  (*Midwest Television, Inc. v. Sctoo, Lancaster, Mills & Atha, Inc.* (1988) 205 Cal.App.3d 442, 456.)  "A trial court has great discretion in the disposition of an application for a continuance.  Absent a clear abuse of discretion, the court's determination will not be disturbed."  (*Estate of Smith* (1973) 9 Cal.3d 74, 81.)  "The factors that influence the granting or denying of a continuance in any particular case are so varied that the trial judge must necessarily exercise a broad discretion. . . . [¶] The

6

policy favoring a full and fair hearing calls for a more careful appellate review of the exercise of discretion in denying a continuance . . . but it is usually upheld. [Citations.]" (7 Witkin, Cal. Procedure, *supra*, Trial, § 10, p. 37.)

Again, this is not an exceptional case that merits reversal. In arguments on Beykpour's 2013 motion to strike, he was twice told that the Estate was disputing causation as well as damages. The Estate represented that Beykpour should have also understood its position from its responses to his requests for admissions. Because Beykpour has not made those responses part of the appellate record, we must presume that they substantiated the Estate's representation. (9 Witkin, *supra*, Appeal, § 355, p. 409 [all presumptions "are indulged to support [a challenged order] on matters as to which the record is silent, and error must be affirmatively shown"]. At the very least, Beykpour should have appreciated the risk he was taking when he chose to rely on such technical language of the pleading when preparing for the issues at trial. The court could reasonably agree with the Estate that Beykpour could not claim any "unfair surprise" that causation was disputed. Denial of his request for a continuance was not an abuse of the court's broad discretion.[2]

### III. DISPOSITION

The judgment is affirmed.

---

[2] We grant Beykpour's request for judicial notice of a Sonoma County standing order issued in the case, which states: "Generally, motions for . . . leave to amend . . . are not in limine motions and should not be filed as such." This order is irrelevant to our analysis.

                       _____

                       Siggins, J.


We concur:


_____

Pollak, Acting P.J.


_____

Jenkins, J.