[No. G044799. Fourth Dist., Div. Three. June 15, 2012.]

DINH TON THAT, Plaintiff and Appellant, v.
ALDERS MAINTENANCE ASSOCIATION, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified
for publication with the exception of part II.C.

## COUNSEL

Dinh Ton That, in pro. per., for Plaintiff and Appellant.

Law Offices of Nicholas T. Basakis and Nicholas T. Basakis for Defendant and Respondent.

## OPINION

**MOORE, J.**—Plaintiff Dinh Ton That disagreed with the results of a recall election conducted by his homeowners association. He first brought a small claims action, then a writ of mandate, and then the instant action, asserting violations of association rules and the relevant statutory scheme. Defendant Alders Maintenance Association demurred to his complaint, arguing the statute of limitations had run on his first cause of action. The court sustained the demurrer. Plaintiff amended his complaint, adding a second cause of action under Business and Professions Code section 17200. Defendant again demurred, arguing a number of reasons why such a claim could not be maintained. The court sustained the second demurrer without leave to amend.

The court also awarded defendant attorney fees of approximately $15,000. Plaintiff argues this should be reversed because the relevant statute does not specify that prevailing associations are entitled to attorney fees.

■ In the unpublished portion of this decision, we agree with defendant that the one-year statute of limitations bars plaintiff's first cause of action. In the published portion, we agree with defendant that in the present context, a homeowners association is not a "business" within the meaning of Business and Professions Code section 17200. We agree with plaintiff, however, that the relevant statute does not permit the association to recover attorney fees, despite our agreement with the trial court's conclusion that the action was frivolous.

I

## FACTS AND PROCEDURAL HISTORY

Plaintiff is a homeowner in The Alders, a 248-unit condominium complex in Irvine. The Alders is maintained and governed by defendant. In early 2009, a number of homeowners, including plaintiff,[1] attempted a recall of the sitting board of directors. The recall election took place on February 9. It did not, however, achieve a quorum, which required 50 percent of the membership to be present in person or by proxy. While 124 members were required for a quorum, 119 members were present at the meeting. A motion was made by director Joseph Brockett to close the meeting, and the motion was seconded and approved. According to defendant, prior to the meeting's closure, no motion was made to adjourn the meeting to a later time. One member did raise the question of an adjournment after the meeting was closed, but the closure of the meeting prevented further official business. The closure of the meeting without adjournment[2] essentially concluded the recall effort.

On February 26, plaintiff filed a small claims action seeking $500 as a civil penalty. He alleged defendant and certain individuals "wrongfully . . . required a quorum" and failed to give the members present an opportunity to adjourn the meeting. Plaintiff also sought injunctive relief that would require defendant to bring the 119 proxies and ballots to the court hearing and require counting by an independent third party. On March 6, the small claims court filed an order stating that it had determined "Small Claims court does not have jurisdiction to monitor elections." Plaintiff filed a dismissal without prejudice on April 8.

---

[1] According to the property manager, defendant had previously received a judgment against plaintiff for $177,904.69.

[2] Had the meeting been adjourned, it would have continued the recall election to a later date with a smaller quorum requirement.

On March 9, plaintiff filed a verified "Emergency Petition for Peremptory Writ of Mandate in the First Instance as well as for an Alternative Writ" in superior court. He sought a court order directing defendant to conduct the recall election at an adjourned meeting with a smaller quorum. On March 20, the court denied the petition as well as plaintiff's request for reconsideration.

Plaintiff appealed on May 19, 2009. (*That v. Alders Maintenance Association* (Oct. 1, 2009, G042070) [app. dism.].) That case was briefed, but while the matter was pending, defendant conducted its regular annual election on July 29. Defendant filed a motion to dismiss the appeal, which we granted on October 1, 2009, on the grounds that it was moot. The remittitur was issued on December 1.

Once back in the trial court, plaintiff sought leave to amend his complaint to state a cause of action for "Declaratory, Injunctive Relief and Civil Penalties per [Civil Code] § 1363.09." In addition to declaratory and injunctive relief (the precise nature of which is unclear), plaintiff sought $2,000 in civil penalties for violating the Civil Code relating to association election laws.

The motion for leave to amend was initially set for hearing on February 1, 2010. On December 21, 2009, at a case management conference, the hearing was continued to March 1, 2010, at the request of defendant's counsel on grounds of medical necessity. At that hearing, plaintiff acknowledged that his claim was governed by a one-year statute of limitations.

On March 1, the court denied the motion for leave to amend, finding that a writ petition was not a pleading which was subject to amendment under Code of Civil Procedure, section 473, subdivision (a)(1). Further, plaintiff had not met the necessary procedural requirements.

Plaintiff then filed the instant action on March 5, 2010, nearly 13 months after the February 9, 2009 recall election. On April 28, he filed a first amended complaint (FAC) which purported to allege "Violation of Article 2 of Chapter 4 of Title 6 of Part 4 of Division 2 of the Civil Code, Including Section 1363.03(b), for Declaratory and Injunctive Reliefs [*sic*] and Civil Penalties Under Civil Code Section 1369.09." The FAC sought adjudication of the same issues raised in the writ petition, specifically whether defendant and its agents had acted properly during the attempted recall election on February 9, 2009. Plaintiff sought the court's decision on a number of "issues

to be decided and permanent injunctions requested." Plaintiff requested civil penalties under Civil Code section 1363.09, subdivision (b), alleging four violations and $2,000 in penalties. He also requested the court's decisions be "published" to all members of the association.

Defendant filed a demurrer, arguing the FAC failed to state a claim upon which relief could be granted. Defendant argued that the FAC was time-barred by Civil Code section 1363.09, subdivision (a), which states that a cause of action for violating laws relating to association elections must be brought "within one year of the date the cause of action accrues." Plaintiff opposed, arguing judicial and equitable estoppel among other reasons why the demurrer should be overruled. The court sustained the demurrer, but granted plaintiff leave to amend to state another cause of action.

Plaintiff then filed his second amended complaint, which purported to state causes of action for "Violation of Article 2 of Chapter 4 of Title 6 of Part 4 of Division 2 of the Civil Code, Including Section 1363.03(b), for Declaratory and Injunctive Reliefs [sic] and Civil Penalties Under Civil Code Section 1369.09, for Violation of [Business and Professions Code] Sections 17200 et seq., for Declaratory and Injunctive Reliefs [sic] and Restitution Thereunder." The first cause of action was essentially identical to the FAC. The second cause of action alleged defendant violated the unfair competition law (UCL), Business and Professions Code section 17200 et seq.

Defendant demurred to the second cause of action, arguing the facts in this case, specifically, the conduct of an association recall election, did not state a cause of action under the UCL as a matter of law. Defendant also moved to strike the first cause of action, arguing it was identical to the FAC, which had been the subject of a successful demurrer, as well as parts of the prayer for relief. Plaintiff opposed, offering a number of arguments on both the demurrer and motion to strike. The trial court granted the motion to strike and sustained the demurrer without further leave to amend, noting plaintiff had not met the actual injury requirement for claims under the UCL.

On January 10, 2011, the trial court granted defendant's motion for attorney fees and awarded $15,020.50 pursuant to Civil Code section 1363.09, subdivision (b). The court found some of plaintiff's actions, including filing a complaint barred by the statute of limitations, "frivolous." Plaintiff filed his appeal on February 9, 2011, and also sought writ relief, which we denied in case No. G044799.

## II

## DISCUSSION

Plaintiff seeks review of the trial court's decisions to sustain the demurrers to the FAC and SAC (second amended complaint), and to grant attorney fees to defendant.[3]

### A. *Standard of Review for Demurrers*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We review the trial court's decision de novo. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].)

While a general demurrer admits all facts that are properly pleaded, the " 'court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.]' " (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 584 [88 Cal.Rptr.2d 184].)

### B. *Relevant Statutory Law*

■ The Davis-Stirling Common Interest Development Act (the Davis-Stirling Act) (Civ. Code, § 1350 et seq.) governs homeowners associations. The Davis-Stirling Act "consolidated the statutory law governing condominiums and other common interest developments. . . . Common interest developments are required to be managed by a homeowners association (§ 1363, subd. (a)), defined as 'a nonprofit corporation or unincorporated association created for the purpose of managing a common interest development' (§ 1351, subd. (a)), which homeowners are generally mandated to join [citation]." (*Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 81 [14 Cal.Rptr.3d 67, 90 P.3d 1223].)

---

[3] Plaintiff's briefs purport to seek review of other issues as well, but these are the only questions properly before this court, as dictated by the relevant standard of review and substantive law.

■ Civil Code section 1363.03 et seq. govern association election procedures. Civil Code section 1363.09 creates a right of action for violation of those procedures: "A member of an association may bring a civil action for declaratory or equitable relief for a violation of this article by an association of which he or she is a member, including, but not limited to, injunctive relief, restitution, or a combination thereof, within one year of the date the cause of action accrues. . . ." (Civ. Code, § 1363.09, subd. (a).) The same section permits a court to void an election if it concludes that election procedures were not followed. (*Ibid.*)

Civil Code section 1363.09, subdivision (b) (hereafter subdivision (b)) states: "A member who prevails in a civil action to enforce his or her rights pursuant to this article shall be entitled to reasonable attorney's fees and court costs, and the court may impose a civil penalty of up to five hundred dollars ($500) for each violation, except that each identical violation shall be subject to only one penalty if the violation affects each member of the association equally. A prevailing association shall not recover any costs, unless the court finds the action to be frivolous, unreasonable, or without foundation."

C.  *Statute of Limitations on Plaintiff's Civil Code Section 1363.09 Claim*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

D.  *Plaintiff's Business and Professions Code Section 17200 Claim*

■ Plaintiff's second cause of action, offered to circumvent the statute of limitations on the first, is under the UCL. The UCL is codified in Business and Professions Code section 17200 et seq. Section 17200 prohibits any "unlawful, unfair or fraudulent *business* act or practice." (Italics added.)

We cannot find, and plaintiff does not cite, a single published case[7] in which a homeowners association has been treated as a "business" under the UCL, and we are unpersuaded by plaintiff's claims in favor of such a reading of the statute. Plaintiff argues that associations are businesses, citing *O'Connor v. Village Green Owners Assn.* (1983) 33 Cal.3d 790 [191 Cal.Rptr. 320, 662 P.2d 427]. That case is readily distinguishable. In *O'Connor*, the

---

\*See footnote, *ante*, page 1419.

[7] Plaintiff cites a number of purported cases currently pending in the superior court, or decided by the appellate division, which have done so. Such cases have no binding or persuasive authority. The only published case involving an association and the UCL our research located was *Turner v. Vista Pointe Ridge Homeowners Assn.* (2009) 180 Cal.App.4th 676 [102 Cal.Rptr.3d 750], but that case did not address the substance of the plaintiffs' UCL claim. (180 Cal.App.4th at p. 688.)

California Supreme Court held that an association was a "business establishment" under the Unruh Civil Rights Act (Civ. Code, §51). Treating associations as businesses in that context is consistent with—and indeed, necessary for—fulfilling the fundamental purposes of that statutory scheme, the protection of civil rights.

The UCL's purpose does not require the same broad construction of the word "business." "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. [Citation.]" (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949 [119 Cal.Rptr.2d 296, 45 P.3d 243].) An association does not participate as a business in the commercial market, much less compete in it. The dispute here is not related to any activity that might be deemed in the least bit commercial. Indeed, it is solely related to the conduct of association elections, a subject covered thoroughly by the Davis-Stirling Act itself. (Civ. Code, § 1363.03 et seq.)

█ We do not foreclose entirely the notion that the UCL could apply to an association. If, for example, an association decided to sell products or services that are strictly voluntary purchases for members or nonmembers, it might be liable for such acts under the UCL. But applying the UCL to an election dispute would simply make no sense. An association, operating under its governing documents to maintain its premises and conduct required proceedings, possesses none of the relevant features the UCL was intended to address. Applying the UCL in this context would both misconstrue the intent of that statute and undermine the specific procedures set forth in the Davis-Stirling Act. An action under the UCL "is not an all-purpose substitute for a tort or contract action." (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173 [96 Cal.Rptr.2d 518, 999 P.2d 706].) We therefore find the court properly sustained defendant's demurrer to the second cause of action.

E.   *Attorney Fees*[8]

Subdivision (b) states: "A member who prevails in a civil action to enforce his or her rights pursuant to this article shall be entitled to reasonable attorney's fees and court costs, and the court may impose a civil penalty of up to five hundred dollars ($500) for each violation, except that each identical violation shall be subject to only one penalty if the violation affects each member of the association equally. A prevailing association shall not recover any costs, unless the court finds the action to be frivolous, unreasonable, or

---

[8] Plaintiff requests that we direct "supplemental briefing" on this issue because the word limit on appellate briefs requires him to present his argument in "skeletal" format. The request is denied.

without foundation." (Civ. Code, § 1363.09, subd. (b).) The trial court's order stated, in relevant part: "Plaintiff knew when the action was filed that his claims under CC1363.09 were barred by the statute of limitations. Such a bar is grounds for finding an action to be frivolous. [Citations.]"

Defendant argues that the language of subdivision (b) does not specifically state that associations are not entitled to attorney fees because the language regarding prevailing associations mentions only "costs" and not fees. Defendant argues that when authorized by statute, reasonable attorney fees are allowable costs, and therefore, once the association has established the action is frivolous, the attorney fees provision becomes reciprocal.

■ "In ascertaining the meaning of a statute, we look to the intent of the Legislature as expressed by the actual words of the statute. [Citation.] We examine the language first, as it is the language of the statute itself that has 'successfully braved the legislative gauntlet.' [Citation.]" (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1117 [29 Cal.Rptr.3d 262, 112 P.3d 647].) The "resort to legislative history is appropriate only where statutory language is ambiguous."[9] (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 29 [34 Cal.Rptr.3d 520].)

■ While we agree with the trial court's conclusion that plaintiff's decision to file this lawsuit was indeed frivolous,[10] we must also agree with plaintiff that the plain language of the statute does not support an award of attorney fees to defendant, as unfair as that may seem. Statutory[11] attorney fee awards must be *specifically* authorized by a statute. (Code Civ. Proc.,

---

[9] We previously granted defendant's unopposed request for judicial notice of the legislative history of Civil Code section 1363.09. If we were to consider the legislative history, we would find that it provides only limited support for defendant's argument. The legislative history includes a number of committee reports and readings, but most of these documents merely state the bill would allow prevailing associations to recover "litigation costs" if the action is frivolous. Only one document, a partisan bill analysis, states that it would permit recovery of attorney fees by associations. To constitute cognizable legislative history, a document must shed light on the view of the Legislature as a whole. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc., supra*, 133 Cal.App.4th at p. 30.)

[10] Plaintiff argues that the mere fact that he filed this lawsuit after the statute of limitations had run is not sufficient for a finding of frivolousness. We do not agree with plaintiff that tardiness was the only basis for the court's finding.

[11] Defendant also argues it is entitled to attorney fees based on the CC&R's (covenants, conditions and restrictions). It points to a provision which states: "In the event action is instituted to enforce any of the provisions contained in this Declaration, the party prevailing in such action shall be entitled to recover from the other party thereto as part of the judgment, reasonable attorney's fees and costs of such suit." The trial court rejected this argument, pointing out that no evidence had been presented that the quoted portion of the CC&R's applied to this case. A copy of the CC&R's was not provided to the trial court, therefore there was no way to evaluate whether it included any provisions relating to elections, "or that this

§ 1021.) ▮ While defendant argues that Code of Civil Procedure section 1033.5, subdivision (a)(10) permits recovery of fees as an item of costs, such recovery is only permitted when authorized by contract or statute, which brings us right back around to the language of Civil Code section 1363.09, subdivision (b). Plaintiff points out that if the Legislature had intended the last sentence of subdivision (b) to include attorney fees as well as costs, it could and would have said so. Further, other provisions in the Davis-Stirling Act clearly indicate an entitlement to attorney fees where the Legislature deemed them appropriate. (See, e.g., Civ. Code, § 1365.2, subds. (e)(3), (f).) We reluctantly agree.

Defendant's arguments on this point are simply unpersuasive. Defendant asserts the use of the word "any" in the phrase "a prevailing association shall not recover any costs" reflects the Legislature's intent to preclude either costs or attorney fees unless the action is demonstrably frivolous. But "any" costs could refer to any of the cost items listed in Code of Civil Procedure section 1033.5, subdivision (a). Defendant also argues plaintiff's interpretation "completely ignores the punitive nature of the provision, which is clearly intended to punish a member who puts an association in the position of having to expend money to defend a frivolously meritless lawsuit." But no such punitive intent is evidenced by the language of the statute. Further, defendant cites no authority in support of its position.

▮ " 'This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed.' [Citations.]" (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) We sympathize with defendant's position on this issue and agree that the Legislature should amend the statute to create an entitlement to attorney fees for the association if an action is "frivolous, unreasonable, or without foundation." ▮ But we must rule on the statute before us, and therefore we agree with plaintiff that subdivision (b) does not authorize the court to award a prevailing association attorney fees.

### III

### DISPOSITION

The trial court's decision sustaining the demurrers is affirmed. The order awarding costs to defendant that include attorney fees is reversed, and the

action implicated any of [the CC&R's] provisions." For the same reasons, we reject this argument. While the CC&R's might create an entitlement to attorney fees, defendant simply failed to make the necessary evidentiary showing in the trial court.

matter is remanded to the trial court to enter a new costs award. Each party shall bear its own costs on appeal.

Bedsworth, Acting P. J., and Aronson, J., concurred.

A petition for a rehearing was denied July 5, 2012, and appellant's petition for review by the Supreme Court was denied August 29, 2012, S204191. Werdegar, J., did not participate therein.