Filed 8/23/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMBER RETZLOFF et al., | |
| Plaintiffs and Appellants, | G053164 |
| v. | (Super. Ct. No. 30-2014-00761657) |
| MOULTON PARKWAY RESIDENTS' ASSOCIATION, NO. ONE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Mary Fingal Schulte, Judge. Affirmed in part and reversed in part.

Smart Law, Dean E. Smart and Adam C. Cramer for Plaintiffs and Appellants.

Swedelsongottlieb, David C. Swedelson and Joan Elizabeth Lewis-Heard for Defendant and Respondent.

\*          \*          \*

Plaintiffs Amber Retzloff, James Franklin, and Nancy Stewart sued defendant Moulton Parkway Residents' Association, No. One (the association), twice for alleged violations of the Davis-Stirling Common Interest Development Act (Civ. Code, § 4000 et seq.; the Act). The first suit was dismissed without prejudice by plaintiffs; the trial court sustained the association's demurrer to the second suit without leave to amend. The court further concluded that plaintiffs' second action was frivolous and awarded the association costs and attorney fees under Civil Code section 5235[1], subdivision (c) (section 5235(c)). Plaintiffs appeal this award.

Section 5235(c) states that a court may award a prevailing association "any costs." The association contends, and the trial court agreed, that "any costs" includes attorney fees. A plain reading of the statute, however, does not support this interpretation. As such, the association was erroneously awarded attorney fees and is entitled only to costs. We publish to clarify this point of statutory interpretation, which appears to be a matter of first impression.

Further, section 5235(c) permits a cost award to a prevailing association only if the members' action is deemed to be frivolous, unreasonable, or without foundation. Plaintiffs argue the trial court erroneously labeled their action frivolous. We disagree. There is sufficient support throughout the record to affirm the court's decision. The court did not err in concluding the association is entitled to costs under section 5235(c).

I

FACTS

Plaintiffs are all former board members of the association. Plaintiffs alleged that the association violated sections of the Act by conducting association

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

business outside of board meetings and failing to maintain and make available certain corporate records.

Pursuant to section 5930, plaintiffs notified the association of their grievances in an e-mail titled "Demand for Alternative Dispute Resolution [(ADR)]" on May 21, 2014. The association accepted the demand for ADR on June 17. After much back and forth, the parties eventually settled on a mediator and potential mediation dates. Plaintiffs contend the mediation never occurred because they did not have "access to the association's documents . . . which were necessary for Plaintiffs to prepare and engage in mediation, and as a result the mediation could not be completed within 90 days as required by *Civil Code* § 5940."

Subsequently, plaintiffs filed an action alleging violations of sections 4900 et seq., and section 5200 on October 9, 2014 (the first action). The association demurred to the first action on the grounds that plaintiffs did not comply with section 5950, which requires a certificate stating ADR or an attempt at ADR was completed prior to filing a lawsuit. Before the demurrer could be ruled on, plaintiffs dismissed the first action without prejudice.

Plaintiffs then filed a new action on December 15, 2014, that was practically identical (the second action). Plaintiffs attached a certificate purporting to comply with section 5950. The association demurred again on the grounds that the certificate was insufficient. The trial court agreed with the association and sustained the demurrer without leave to amend. The association was declared the prevailing party for the purposes of any costs recovery.

The association then moved for attorney fees. The trial court found the second action to be frivolous, and pursuant to section 5235(c), the court awarded the association $13,750 in attorney fees and $1,688.60 in costs. Prior to briefing and argument, plaintiffs satisfied the judgment in full.

3

II

DISCUSSION

Plaintiffs appeal the award of attorney fees and costs. They argue section 5235(c) does not entitle a prevailing association to attorney fees, and the association should not have been awarded costs because their action was not frivolous. The association also argues that plaintiffs waived their right to appeal by raising a new legal theory on appeal and satisfying the trial court's judgment in full. We shall first address the association's waiver arguments, then proceed to review the award of attorney fees and costs.

A. *Waiver of New Theory on Appeal*

In the trial court, plaintiffs never argued that section 5235(c) entitles a prevailing association to costs but not attorney fees. The association contends the waiver doctrine precludes plaintiffs from arguing a new theory on appeal. "It is the general rule that a party to an action may not, for the first time on appeal, change the theory of the cause of action. [Citations.] There are exceptions but the general rule is especially true when the theory newly presented involves controverted question of fact or mixed questions of law and fact. If a question of law only is presented on the facts appearing in the record the change in theory may be permitted. [Citation.]" (*Panopolus v. Maderis* (1956) 47 Cal.2d 337, 340-341.) Statutory interpretation is a question of law. (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018.) The "review [of] a determination of the legal basis for an award of attorney fees . . . [is] a question of law." (*Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 828.) The court interpreted section 5235(c) to award a prevailing association costs and reasonable attorney fees. Plaintiffs challenge the court's interpretation of the statute, and their theory presents a question of law. Therefore, plaintiffs' new theory is not precluded.

4

*B. Waiver by Satisfying Judgment in Full*

The association also contends that plaintiffs waived their right to appeal by voluntarily satisfying the judgment in full. The association's reasoning is incomplete, and plaintiffs' decision to satisfy the judgment did not waive their right to an appeal. [2]

The right to appeal is not lost if compliance with a judgment occurs as a result of compulsion or coercion, such as by threat of execution under the judgment. (*Selby Constructors v. McCarthy* (1979) 91 Cal.App.3d 517, 521.) "'[T]he payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of his right to appeal, unless payment be by way of compromise and settlement or under an agreement not to appeal or under circumstances leaving only a moot question for determination.' [Citations.]" (*Reitano v. Yankwich* (1951) 38 Cal.2d 1, 4.) The association has the burden to demonstrate that plaintiffs entered into a compromise or agreement with the association whereby plaintiffs agreed not to appeal. (*Coldwell Banker & Co. v. Department of Insurance* (1980) 102 Cal.App.3d 381, 401.) The association argues that plaintiffs' satisfaction of the judgment was voluntary, but does not offer any arguments or evidence that plaintiffs entered into an agreement not to appeal. The association fails to meet their burden, and as such, plaintiffs maintain their right to appeal.


*C. Attorney Fees Section 5235(c)*

The trial court erroneously awarded the association attorney fees and costs under section 5235(c). The second action alleged violations of section 4900 et seq. and section 5200 et seq. of the Act. The Act "governs homeowners associations. The . . . Act 'consolidated the statutory law governing condominiums and other common interest

---

[2] Plaintiffs' Motion for Production of Additional Evidence on Appeal is denied. We find the proposed additional evidence unnecessary to decide this issue.

developments.'" (*That v. Alders Maintenance Assn.* (2012) 206 Cal.App.4th 1419, 1425 (*That*).) Section 4900 et seq. sets forth procedures and practices for association board meetings, while section 5200 et seq. governs record inspection procedures.

The enforcement statute is section 4955. In *That*, *supra*, 206 Cal.App.4th at page 1429, a member challenged a trial court's award of attorney fees to a prevailing association under section 4955, subdivision (b), which states "[a] member who prevails in a civil action to enforce the member's rights pursuant to this article shall be entitled to reasonable attorney's fees and court costs . . . . A prevailing association shall not recover any costs, unless the court finds the action to be frivolous, unreasonable, or without foundation." The court concluded "that the plain language of the statute does not support an award of attorney fees to [a prevailing association] . . . . [I]f the Legislature had intended the last sentence of subdivision (b) to include attorney fees as well as costs, it could have and would have said so." (*That*, *supra*, 206 Cal.App.4th at pp. 1428-1429.)

Therefore, the only statute that might authorize attorney fees in this case is section 5235. Plaintiffs contend that section 5235 is the logical equivalent of section 4955, and therefore the holding in *That* applies to section 5235. The association argues that section 5235 is distinguishable from section 4955 and this court's conclusion in *That*. A plain reading of the statute and the legislative construction of the Act supports plaintiffs' position. Section 5235 does not authorize a court discretion to award attorney fees to a prevailing association.

"With regard to an award of attorney fees in litigation, California generally follows what is commonly referred to as the 'American Rule,' which provides that each party to a lawsuit must ordinarily pay his or her own attorney fees. [Citation.] The American Rule is codified in Code of Civil Procedure section 1021, which states in relevant part: 'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the

6

agreement, express or implied, of the parties . . . .'" (*Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142 (*Tract 19051*).) Code of Civil Procedure section 1021 directs us to the relevant statute, section 5235.

The relevant portion of section 5235 states: "(a) A member may bring an action to enforce that member's right to inspect and copy the association records. If a court finds that the association unreasonably withheld access to the association records, the court shall award the member reasonable costs and expenses, including reasonable attorney's fees and may assess a civil penalty of up to five hundred dollars ($500) for the denial of each separate written request. [¶] . . . [¶] (c) A prevailing association may recover any costs if the court finds the action to be frivolous, unreasonable, or without foundation." The focus of this appeal is on 5235(c); specifically, plaintiffs claim that "any costs" does not include reasonable attorney fees.

"'"As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." [Citation.] "We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent." [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.]'" (*Tract 19051*, *supra*, 60 Cal.4th at p. 1143.)

A plain reading of "any costs" as used in section 5235(c) does not support the inclusion of attorney fees as costs. The association argues that section 5235, subdivision (a), defines costs to include attorney fees because a prevailing member is entitled to "reasonable costs and expenses, including reasonable attorney's fees." The association argues that "costs . . . including reasonable attorney's fees" serves to define attorney fees as a cost throughout section 5235. The association is mistaken. The focus

7

of the appeal is section 5235(c), not section 5235, subdivision (a). Additionally, section 5235, subdivision (a), authorizes an award of reasonable attorney fees in addition to costs and expenses to a prevailing member only; it does not redefine costs to include attorney fees within section 5235, subdivisions (a) or (c).

Code of Civil Procedure section 1021 states that attorney fees are awarded only when specifically provided for by statute. "[A]ny costs" does not specifically provide for payment of attorney fees. (§ 5235(c).) Section 5235(c) authorizes the recovery of costs, not costs in addition to attorney fees. In interpreting a statute, we do "not . . . change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language. [Citation.]" (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.) We must interpret x to mean x, not x plus y. Costs by its plain meaning does not mean costs plus attorney fees.

Throughout the Act, the Legislature specifically indicates when a provision awards attorney fees to only a prevailing association or prevailing member, either a prevailing member or association, or neither party. If the Legislature had intended to authorize attorney fees to a prevailing association in an enforcement action under section 5235, it could have and would have done so.

A prevailing member is entitled to attorney fees when the requisite section specifies as much. For example, section 5235, subdivision (a), awards a "member reasonable costs and expenses, including reasonable attorney's fees." Section 4955, subdivision (b), states "[a] member who prevails . . . shall be entitled to reasonable attorney's fees." The Legislature was also clear when it wanted to award attorney fees only to a prevailing association. Section 5230, subdivision (c), states "[a]n association shall be entitled to recover reasonable costs and expenses, including reasonable attorney's fees . . . ." In addition, section 5730, subdivision (a), grants "the association . . .

8

reasonable attorney's fees." These other sections awarding prevailing associations attorney fees indicate that the Legislature could have awarded attorney fees to a prevailing association in section 5235(c), but chose not to.

Furthermore, when the Legislature wants either a prevailing association or member to recover attorney fees, the term "prevailing party" is used. """"When the Legislature intends that the successful side shall recover it attorney's fees no matter who brought the legal proceeding, it typically uses the term 'prevailing party.'"""" (*Tract 19051*, *supra*, 60 Cal.4th at p. 1145.) The "prevailing party attorney fee statutes demonstrate that the enactment of a prevailing party attorney fee provision generally reflects a legislative intent to adopt a broad, reciprocal attorney fee policy that will, as a practical and realistic matter, provide a full mutuality of remedy to plaintiffs and defendants alike. [Citations.]" (*Ibid.*)

The Act has multiple sections that feature prevailing party attorney fees provisions. Section 5975, subdivision (c), states "the prevailing party shall be awarded reasonable attorney's fees." Sections 4225, 4705, and 5380 have similar, if not identical, language. The Legislature clearly indicated when it wanted a statute to award attorney fees to the prevailing party, regardless of whether that party was the member or association. Once again, the fact that the Legislature chose not to write section 5235(c) as a prevailing party statute indicates their intention not to award a prevailing association attorney fees. Accordingly, both the plain meaning of the statute and the Legislature's practice throughout the Act support the conclusion that section 5235(c) awards only costs to a prevailing association, and not attorney fees.

The association argues *That* identifies section 5235, formerly section 1365.2, subdivision (f), as a provision where the Legislature clearly indicated an entitlement to attorney fees. (*That*, *supra*, 206 Cal.App.4th at p. 1429.) "Further, other provision in the Davis-Stirling Act clearly indicate an entitlement to attorney fees where

9

the Legislature deemed them appropriate. (See, e.g., [former] Civ. Code, § 1365.2, subds. (e)(3), (f).)" (*Ibid.*) The court in *That* referred to former section 1365.2, subdivision (f), which is now section 5235, subdivisions (a), (b), and (c). The association's argument appears valid at first glance due to the renumbering of the statute. However, a closer inspection reveals that the court was obviously referring to what is now section 5235, subdivision (a). Section 5235, subdivision (a), explicitly states a prevailing member is entitled to attorney fees; section 5235(c) only mentions costs. Further, the association's use of *That* in support of its erroneous conclusion is contradictory on its face. They claim *That*, *supra*, 206 Cal.App.4th at page 1429, which holds that "'any costs'" in section 4955, subdivision (b), does not include attorney fees, supports the contention that "any costs" in section 5235(c) includes attorney fees.

In conclusion, section 5235(c) entitles a prevailing association to costs, not attorney fees and costs.


## D. Frivolous Action

The trial court concluded plaintiffs' second action was frivolous. Plaintiffs disagree. They argue their action was erroneously labeled frivolous because the court did not apply the correct legal standard. The court did not articulate the legal standard it used to support its conclusion, but we agree with its ultimate finding that the action was frivolous because there is sufficient evidence in the record to support it.[3]

"A costs award is reviewed on appeal for abuse of discretion. [Citations.]" (*El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.) "'"[D]iscretion is abused whenever . . . the court exceeds the bound of reason,

---

[3] Plaintiffs also argue the court used the demurrer to their first case, which was never ruled upon due to their dismissal, as a "misapplication of the res judicata doctrine." This is unsupported by the cited portion of the record, and so lacking in any legal merit that we need not discuss it further.

all of the circumstances before it being considered." [Citations.]'" (*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1154 (*Salehi*).) So "long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken [by the trial court, its discretion] will not be [disturbed], even if, as a question of first impression, [the appellate court might have taken] a different view'" of the issue. (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 507.) ""The judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive. [Citations.]" [Citation.]'" (*Salehi*, *supra*, 200 Cal.App.4th at p. 1154.)

There is no authority that defines frivolous in the context of section 5235(c). However, the terms "frivolous, unreasonable, and without reason" are frequently used in fee shifting statutes. *Smith v. Selma Community Hospital* (2010) 188 Cal.App.4th 1, articulates an applicable legal standard for frivolous within the context of Business and Professions Code section 809.9, which awards attorney fees to a prevailing party "if the other party's conduct in bringing, defending, or litigating the suit was frivolous, unreasonable, without foundation, or in bad faith." The court concluded "a matter is frivolous if any reasonable attorney would agree it is completely without merit in the sense that it lacks legal grounds, lacks an evidentiary showing, or involves an unreasonable delay." (*Smith v. Selma Community Hospital*, *supra*, 188 Cal.App.4th at p. 33.)

The trial court dismissed the second action for its failure to comply with section 5950. Section 5950, subdivision (a), requires a party commencing an action to file a certificate of efforts to resolve the dispute with the initial pleading. The certificate must state that either: "(1) Alternative dispute resolution has been completed in compliance with" sections 5925 et seq.; "(2) One of the other parties to the dispute did

11

not accept the terms offered for alternative dispute resolution"; or "(3) preliminary or temporary injunctive relief is necessary." (§ 5950.) In the first action, plaintiffs filed a complaint without a certificate. In the second action, plaintiffs filed a certificate that was deemed not to "comply with Civil Code section 5950." The court reasoned that "to dismiss the first action, and re-file it without making any substantive changes or any additional attempt to engage in ADR was frivolous." The court's determination that the action was frivolous depended upon the conclusion that plaintiffs did not comply with section 5950.

Plaintiffs' certificate states that the association wrongfully withheld documents, which prevented plaintiffs from preparing for the mediation before the statutory 90-day period to complete ADR ended. (§ 5940, subd. (a).) Plaintiffs contend the certificate states a good faith exception to ADR pursuant to section 5950, subdivision (a)(2), and shows plaintiffs complied with section 5930, subdivision (a), which requires parties to "[endeavor] to submit their dispute to alternative dispute resolution" prior to filing an enforcement action. The certificate, however, does not indicate that the association did not accept the terms offered for ADR. The certificate instead states that plaintiffs were not granted access to documents in order to adequately prepare for ADR.

The association was willing to engage in ADR; it was plaintiffs who derailed the process. First, plaintiffs' certificate does not specify the terms that the association refused, nor does it state that the association "did not accept the terms offered for alternative dispute resolution." (§ 5950, subd. (a)(2).) Failing to provide documents prior to ADR does not indicate refusal to participate. Second, the association was not required to provide plaintiffs with documents prior to ADR. ADR is not an excuse to engage in extensive discovery prior to litigation. Third, plaintiffs had access to most, if not all, of the documents they were allegedly denied access to. The association's board members were supplied with iPads that had access to 95 percent of the association's

12

corporate records. Two plaintiffs were in possession of such iPads until August 2014. Plaintiffs apparently had access to the records that they contend derailed the entire ADR process. Fourth, plaintiffs' methods to acquire the relevant records were unreasonable and calculated to fail. For example, plaintiffs requested to inspect about 15 boxes of records on Rosh Hashanah. The association's records are stored at a company that observes Jewish holidays, which plaintiffs knew because they were board members. Plaintiffs requested to review records on a date they knew the record management company would be closed. It was an impossible request and one calculated to fail. Taken as a whole, the record shows that plaintiffs did not endeavor to engage in ADR in good faith pursuant to section 5930. Accordingly, the trial court correctly determined the ADR certificate was insufficient.

Furthermore, failure to comply with section 5950 in two consecutive, identical actions filed within two months of each other is grounds for finding the second action to be frivolous. Plaintiffs knew the deficiencies in their first action, yet filed a second action without addressing those deficiencies. Any reasonable attorney would agree that refiling the same action without adequately remedying the first action's deficiencies is completely without merit and lacks legal grounds. The trial court did not, accordingly, abuse its discretion by finding the second action frivolous, thus entitling the association to costs.

13

### III
### DISPOSITION

The judgment in favor of the association is affirmed with respect to the costs award of $1,688.60, and reversed with respect to the attorney fee award of $13,750.00. Each party shall bear their own costs on this appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

14