Filed 9/3/25  Samantha B. v. Aurora Vista Del Mar, LLC CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAMANTHA B. et al., | 2d Civ. No. B340955 |
| Plaintiffs and Appellants, | (Super. Ct. No. 56-2015-00464635-CU-PO-VTA) |
| v. | (Ventura County) |
| AURORA VISTA DEL MAR, LLC et al., | |
| Defendants and Respondents. | |

Plaintiffs obtained a substantial judgment against three defendants.  We reversed and remanded for a new trial on the issue of whether two of the defendants are vicariously liable for the portion of the judgment attributed to the third defendant.  In all other respects, we affirmed.  The parties stipulated to a judgment in favor of plaintiffs, leaving the question of attorney fees and interest to the trial court.

Plaintiffs now appeal the denial of their motion for attorney fees and post-judgment interest dating back to the original judgment. We affirm.

FACTS

*Trial*

Aurora Vista Del Mar, LLC (Aurora) is a licensed acute psychiatric hospital. Signature Health Care Services, LLC (Signature) owns Aurora and has a management agreement to provide Aurora with daily operations direction, management, and clinical responsibility for all services.

In July 2011, Aurora hired Juan Valencia as a mental health worker. During Valencia's employment, Samantha B. and Danielle W. (Plaintiffs) were patients at Aurora.

After Plaintiffs were discharged, they filed an action against Valencia, Aurora, and Signature. A jury found Valencia liable for sexual assault, and Aurora and Signature liable under the Elder Abuse and Dependent Adult Civil Protection Act. (Welf. & Inst. Code, § 15600 et seq.) The jury awarded $6.75 million in noneconomic damages. It allocated 30 percent fault to Signature, 35 percent fault to Aurora, and 35 percent fault to Valencia.

Plaintiffs moved for attorney fees against Aurora and Signature pursuant to Welfare and Institutions Code section 15657 (attorney fees and costs in dependent adult abuse actions). The trial court awarded Plaintiffs $2.1 million in fees. Plaintiffs did not seek attorney fees from Valencia.

*First Appeal*

Aurora and Signature appealed. Plaintiffs appealed the judgment of nonsuit on Plaintiffs' claims of vicarious liability against Aurora and Signature. We reversed and remanded for a

2

new trial on the issues of respondeat superior and ratification. In all other respects, we affirmed. (*Samantha B. et al. v. Aurora Vista Del Mar, LLC* (2022) 77 Cal.App.5th 85.)

*After Remand*

Plaintiffs moved for a judgment on the pleadings against Valencia as liable for violations of Civil Code section 51.9. The trial court denied the motion on the grounds that the judgment is final as to Valencia and the court's jurisdiction is limited to the issues that were remanded to it.

In July 2024, the parties entered into a stipulated judgment. Aurora and Signature agreed to a judgment against them in the amount of $1.3 million in favor of Samantha B. and $1 million in favor of Danielle W. The stipulation provides that the trial court retains jurisdiction to "consider . . . Plaintiffs' entitlement to attorney fees, costs, and interest."

Plaintiffs moved for $1.1 million post-judgment interest relating back to the original judgment in August 2019. Plaintiffs also moved for an award of attorney fees pursuant to Welfare and Institutions Code section 15657.

The trial court denied both motions. The court found: 1) Aurora and Signature were not liable for post-judgment interest until the stipulated judgment was entered in July 2024; 2) Aurora and Signature are not liable for attorney fees under Welfare and Institutions Code section 15657 because the jury made no finding that Valencia was liable for dependent adult abuse; and 3) in stipulating to the judgment, Aurora and Signature did not agree to be vicariously liable for Valencia's conduct; they only agreed to pay money.

3

## DISCUSSION

### I. *Code of Civil Procedure Section 685.040*

Plaintiffs contend that they are entitled to attorney fees under Code of Civil Procedure section 685.040.

Code of Civil Procedure section 685.040 provides:

"The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."

Plaintiffs raise the issue for the first time on appeal. Issues not raised in the trial court are deemed waived on appeal. (*A Local & Regional Monitor v. City of Los Angeles* (1993) 12 Cal.App.4th 1773, 1804.)

In any event, Plaintiffs' reliance on Code of Civil Procedure section 685.040 is misplaced. The section applies to enforcing a judgment. We remanded for a new trial on issues of vicarious liability. Plaintiffs' claim that our remand was for the purpose of enforcing the existing judgment against Valencia is wishful thinking. The underlying judgment against Valencia does not include an award of attorney fees.

### II. *Stipulated Judgment*

Plaintiffs contend that they are entitled to attorney fees under the terms of the stipulated judgment.

A stipulated judgment is interpreted according to the rules governing writings in general. (*Robles v. City of Ontario* (2024)

4

106 Cal.App.5th 574, 582.) If the language of the judgment is clear and explicit, it governs its interpretation. (*Ibid*.)

Here the language of the judgment is clear and explicit. It does not give Plaintiffs the right to attorney fees and costs. It provides only that the trial court retains jurisdiction to "consider . . . Plaintiffs' entitlement" to attorney fees and costs. The court here considered Plaintiffs' motion for attorney fees and costs and denied the motion. That is all the stipulated judgment requires.

Plaintiffs argue that the trial court's award of costs is inconsistent with the denial of an award of attorney fees and interest. But costs are recoverable as a matter of right to the prevailing party. (Code Civ. Proc., § 1032, subd. (b).) Except as provided by statute or agreement of the parties, each party pays his or her own attorney fees. (*Retztoff v. Moulton Parkway Residents' Assn., No. One* (2017) 14 Cal.App.5th 742, 749.) Plaintiffs present no basis for an award of attorney fees. Aurora and Signature stipulated only to pay money.

*III. Collateral Estoppel*

Plaintiffs contend that the trial court erred in refusing to apply collateral estoppel as a basis for awarding attorney fees.

Collateral estoppel requires:

" 'First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 849.)

5

Plaintiffs claim that collateral estoppel entitles them to attorney fees under Civil Code section 51.9 and Welfare and Institutions Code section 15657.

Civil Code section 51.9, subdivision (a)(1) provides in part:

"(a) A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

"(1) There is a business, service, or professional relationship between the plaintiff and defendant or the defendant holds himself or herself out as being able to help the plaintiff establish a business, service, or professional relationship with the defendant or a third party."

Civil Code section 51.9, subdivision (b) provides for damages including attorney fees.

Plaintiffs' collateral estoppel argument fails because the issues are not identical. The jury did not make the finding required by Civil Code section 51.9, subdivision (a)(1) as to Valencia. The jury found Valencia liable only for sexual battery. The Plaintiffs attempt to fill in the blank by stating that the court took judicial notice that Plaintiffs were dependent adults under the care of both Aurora and Signature. But the entities, Aurora and Signature, are not Juan Valencia.

Other elements of collateral estoppel are also missing. The issue of Valencia's liability under Civil Code section 51.9 was not actually litigated in the former proceeding, nor necessarily decided in the former proceeding. The jury was simply never asked to decide it.

For similar reasons collateral estoppel does not apply to vicarious liability under Welfare and Institutions Code section 15657 for Valencia's actions. The jury only found Valencia liable

for sexual battery.  The issues were not actually litigated or necessarily decided in the former proceeding.

*IV. Valencia's Liability Not at Issue*

Plaintiffs contend that the trial court erred in denying their motion for judgment on the pleadings to find Valencia liable for violating Welfare and Institutions Code section 15657 and Civil Code section 51.9.

Plaintiffs do not bother to discuss the elements required for judgment on the pleadings.  Nor do they bother to point to the portion or portions of the pleadings that they claim entitle them to a judgment.  That alone is fatal to their argument.

Plaintiffs seem to base their argument on the remittitur. What that has to do with a motion for judgment on the pleadings is not clear.  We reversed for a new trial on the issue of Aurora's and Signature's vicarious liability under the doctrines of respondeat superior and ratification.  Nothing in the remittitur allows a new trial on the issue of Valencia's liability under Welfare and Institutions Code section 15657 or Civil Code section 51.9.  That was not an issue on appeal.

*V. Post-Judgment Interest*

Plaintiffs contend that post-judgment interest on the amount of the July 2024 stipulated judgment is recoverable dating back to the original judgment.

When an error in filing the amount due is corrected on appeal without further fact finding, the judgment is modified and interest accrues from the date of the original judgment.  (*Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 653-654.)  Where, however, the amount due cannot be fixed until further fact finding on remand from appellate review, it is a

new judgment, and interest does not accrue until a final determination has been made.  (*Id*. at p. 654.)

Plaintiffs' theory appears to be that the stipulated judgment was not a new judgment but merely a modification of the original judgment.  Plaintiffs rely on *Munoz v. City of Union City* (2009) 173 Cal.App.4th 199.  There the relatives of a person shot and killed by a police officer sued the officer and the city that employed him.  The jury allocated 45 percent liability to the city, 50 percent liability to the officer, and 5 percent liability to the victim.  The Court of Appeal reversed as to the city and concluded the 45 percent liability allocated to the city should be reallocated between the officer and the victim in the proportion established by the jury's verdict, making the officer liable for 91 percent liability and the victim liable for 9 percent liability.  The Court of Appeal determined that plaintiffs were entitled to post-judgment interest dating back to the original judgment.  The court considered the reallocated judgment as a modification of the original judgment because "there was no factual determination to be made, no prerequisite to be satisfied before liability could be allocated properly."  (*Id*. at p. 206.)

If anything, *Munoz v. City of Union City*, *supra*, 173 Cal.App.4th 199, illustrates why the stipulated judgment here is a new judgment, not a modification of the original judgment.  *Munoz* involved nothing more than a calculation on appeal based on existing findings of fact.  Here we did not reallocate the percentages of liability on appeal based in existing facts.  Instead, we remanded for a new trial on issues of vicarious liability because the required facts were not found in the original trial.

Plaintiffs also rely on *Stockton Theaters, Inc. v. Palermo* (1961) 55 Cal.2d 439.  But like *Munoz v. City of Union City*,

*supra*, 173 Cal.App.4th 199, *Stockton* illustrates why plaintiffs are wrong.  Our Supreme Court reversed with instructions to determine whether the bond was necessary.  The trial court determined the bond was not necessary and again denied the cost.  Our Supreme Court determined that as a matter of law the bond was necessary and that the trial court should have allowed the bond as costs.  Our Supreme Court held that interest should run from the date the trial court erroneously determined the bond was unnecessary.  (*Stockton Theaters, Inc. v. Palermo*, *supra*, 55 Cal.2d at p. 442.)

Plaintiffs might have a point if we had decided in the first appeal that as a matter of law they were entitled to recover from Aurora and Signature the 35 percent liability the jury attributed to Valencia.  We did not so decide because such vicarious liability required further findings of fact.  We only granted Plaintiffs a new trial on the issue of vicarious liability.  A new trial results in a new judgment, not a modification of the original judgment.

DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondents.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.


9

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Law Office of David Feldman and David Feldman for Plaintiffs and Appellants.

Beach Law Group, Thomas E. Beach, Mindee J. Stekkinger and Molly M. Loy for Defendants and Respondents.